COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Martha CONATSER et al., Appellees.

Court of Appeals of Kentucky.

June 9, 1961.

Jo M. Ferguson, Atty. Gen., F. D. Curry, Chief Asst. Atty. Gen., C. E. Skidmore, Department of Highways, Frankfort, for appellant.

Leonard S. Stephens, Whitley City, Joe S. Feather, Williamsburg, for appellees.

WILLIAMS, Judge.

This is an appeal from a judgment of the McCreary Circuit Court awarding appellees $14,200 for addtional property taken by condemnation. The Commonwealth had previously taken a strip 100 feet wide through appellees' property, and, after further consideration, determined an additional 10 feet on each side of the original strip was needed, the latter taking being the subject of this action. The first taking placed the right of way line within 20½ feet of the corner of appellees' residence. This taking will move the right of way line to within 10½ feet of the residence. The first judgment was affirmed by this Court and the opinion sets out the description of the property and the facts regarding that action. Commonwealth v. Conatser, Ky., 329 S.W.2d 48. In this taking there is no building involved. However, it does take two locust trees, two fruit trees, and a septic tank which services the residence. The record in the first appeal reveals that the jury awarded $10,000 for the land taken and $10,000 as resulting damage. In this case the jury awarded $1,000 for the land taken and $13,200 as resulting damage.

The Commonwealth has appealed on the sole ground that the verdict rendered by the jury is grossly excessive. The witnesses for the Commonwealth estimate the total damages to be $2,801.75 and $2,958.20. Witnesses for the appellees estimate the damages to be between $12,275 and $14,450. Included in the latter totals is testimony that the replacement cost of the septic tank and leaching field would amount to $2,502. The amount remaining was primarily attributed to depreciation of the residence due to the nearness of the right of way. We note that in the first action witnesses for appellees testified the value of the total property was between $36,677 and $49,553.25, the latter value being the estimate of Ray Conatser, the owner. In that case the witnesses for

the Commonwealth estimated the total value of the property to be between $31,650 and $34,000.

In the present action the witnesses estimated the present value of the residence after depreciation to be within the range of $18,883.25, the value placed on it by the owner, and $27,262, the value placed on it by one of the appellees' witnesses. The present value of all the land was said to be between $5,800 and $8,500 by appellees and their witnesses and was between $3,300 and $3,500 according to the Commonwealth's witnesses. The damage to the residence by the widening of the right of way was said by appellees' witnesses to be between 43 per cent and 50 per cent of its total value.

On the appeal in the first case we said that the $20,000 judgment was substantial but not excessive. Having the record in that case before us we are constrained to note that $10,000 of that amount was for resulting damage. In this case an additional $13,500 has been awarded as resulting damage. This makes a total of $23,500 the two juries have awarded as resulting damage to this piece of property. In addition there has been awarded $11,000 as value of the land taken, thus the total awarded to appellees is $34,500. This total is more than the witnesses for the Commonwealth originally estimated the value of the entire property and within approximately $2,000 of the amount one of appellees' witnesses originally estimated the value of the entire property. In view of the fact that the residence, except for the taking of the septic tank facilities, has not been touched, it appears to us that the award is excessive. There no doubt is some disadvantage to having the right of way moved from within 20½ feet to 10½ feet of the residence. However, it is apparent that substantially any damage occasioned by having the right of way run near the residence would have been occasioned primarily by the original location and only secondarily by the further widening. The estimates placed on the value of the property in this action by witnesses for the appellees are obviously not realistic. There was little or no consideration given to the fact that the property had already been depreciated by the nearness of the highway and that the appellees had already been compensated therefor by the award which this Court has said to be substantial.

We have said that there is no definite yardstick which a court may apply in determining whether damages are excessive in any given case. It was written in Tennessee Gas Transmission Company v. Teater, Ky., 252 S.W.2d 674, that a verdict in a condemnation case will not be disturbed unless so excessive as to show passion or prejudice, or unless based on estimates unsupported by the facts, or so extravagant as to create a probability the estimates are not correct. We are unable to escape the conclusion that this verdict is so excessive and so extravagant that it must be set aside.

The judgment is reversed.