**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

**v.**

**FRANK FEHR BREWING COMPANY,
a Corporation, et al., Appellees.**

Court of Appeals of Kentucky.

March 6, 1964.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Raymond F. Bossmeyer, Charles Dant Kearns, Louisville, for appellant.

William G. Hume, Brown & Eldred, Joseph Kaplan, E. P. Sawyer, Louisville, William S. Riley, Frankfort, for appellees.

PALMORE, Judge.

The Commonwealth appeals from a judgment entered on a jury verdict awarding $37,000 to the Frank Fehr Brewing Company as compensation for the taking of certain property fronting on the south side of Jefferson Street between Preston and Jackson Streets in the City of Louisville.

Each side used two expert valuation witnesses. For the Commonwealth, I. Sidney Jenkins and J. Edward McDonogh gave respective estimates of $24,050 and $15,675 as the difference in market value of the whole property before and the remaining property after the taking. The estimates for Fehr were, respectively, $40,600 by Harold Rosen and $57,500 by Bruce Hoblitzell, Jr.

The first contention is that the court erred to appellant's prejudice in permitting Bruce Hoblitzell, Jr., to testify for Fehr.

Pursuant to interrogatories served before the trial the parties had furnished to each other the names of the witnesses they intended to use and, by agreement, had taken discovery depositions on Friday, June 7, 1963. One of Fehr's listed witnesses, Elbert Samuel, did not appear for the depositions and did not testify at the trial. Another, M. C. Harvin, did give his deposition, but on Saturday, June 8, 1963, counsel for Fehr telephoned appellant's counsel and said he was going to use Hoblitzell instead of Harvin. Counsel for appellant demurred, because the trial was set for Monday, June 10, which left him no time for taking Hoblitzell's deposition. At the calling of the case on Monday morning the matter was brought to the attention of the trial court, which declined to rule that Hoblitzell would not be permitted to testify. Appellant thereupon proceeded to trial without moving for a continuance [1] or for sufficient time in which to examine the new witness.

"Where a party may be required to reveal the names and addresses of witnesses, his failure to do so may result in the exclusion of their testimony, or, conceivably, in deferring its reception until the objecting party can interview the witness and verify his story." 17 Am.Jur. 68 (Discovery and Inspection, § 64). See also annotation at 27 A.L.R.2d 737; Grauman, "Deposition and Discovery," 47 Ky.L.J. 175, 182 et seq.; and discussion in Commonwealth, Dept. of Highways v. Sherrod, Ky., 367 S.W.2d 844, 860 (1963).

It is not suggested that appellant's interrogatory was falsely answered or that counsel for Fehr acted in bad faith. The object of discovery is to eliminate surprise, not to ring curfew on the search for new evidence to perfect one's case. If a witness (or a better witness) is discovered on the eve of trial, unless there is some reason why a continuance or delay would be an abuse to the opposing party (or, possibly, upon the court) the most that could fairly be required is that he be given a reasonable time in which to examine the witness and make such additional preparation as may be required by the information elicited from him. There being nothing in this record to indicate that a continuance or delay would have been disadvantageous to appellant, or could not have been timely asked and given, it is our opinion that the failure to ask for it constituted a waiver.

1. In the colloquy among court and counsel following Hoblitzell's testimony, which colloquy is the principal source of information in this record concerning the circumstances in question, counsel for Fehr advised the court (and counsel for appellant does not deny) that during the telephone conversation on Saturday he said, "if you feel that your rights in this case will be prejudiced by surprise I will not resist or make an objection to your motion for a continuance."

The only other contention on appeal is that the award of $37,000 was excessive. To arrive at such a conclusion would require us, in effect, to say that the testimony of Rosen and Hoblitzell, both eminently qualified valuation experts, did not have enough probative value to support the verdict, which we cannot do. Nor do we find the award so gross as to come within Commonwealth, Dept. of Highways v. Rankin, Ky., 346 S.W.2d 714 (1960), and Commonwealth, Dept. of Highways v. Conatser, Ky., 347 S.W.2d 515 (1961).

Appellee's brief having raised the question of whether it is entitled to 10% damages on $18,300, the amount of its recovery remaining unpaid pending the appeal,[2] we hold that it is. KRS 21.130; CR 81A.

The judgment is affirmed.

2. The Commonwealth having taken possession upon payment of $18,700, the amount of the commissioners' award in county court. KRS 177.086(2) (c).