**COMMONWEALTH of Kentucky, DEPT. OF HIGHWAYS, Appellant,**

**v.**

**J. Spencer OSBORNE, Jr., et al., Appellees.**

Court of Appeals of Kentucky.

March 5, 1965.

John B. Breckinridge, Atty. Gen., Wm. A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Harold K. Huddleston, Elizabethtown, Reed D. Anderson, Madisonville, for appellant.

E. E. Hubbard (Fulton & Hubbard), Bardstown, for appellees.

DAVIS, Commissioner.

The Department of Highways appeals from the judgment of $3,700 awarded appellees upon a jury's verdict in this condemnation proceeding. The Department urges that the evidence lacks sufficient probative value to support the verdict, and that the verdict is excessive.

The tract involved is located on the south side of U. S. Highway 62, about a mile west of Bardstown. The original boundary contained about ten acres, upon which was situated a one and one-half story frame dwelling, a barn and two small outbuildings. None of the improvements is taken by the condemnation. The required right of way is to accommodate a reconstruction of U. S. Highway 62. The land taken is a

660-foot strip across the entire frontage of the ten-acre tract; the depth of the taking is about twenty-seven feet at its west terminus, from which it gradually diminishes to about six feet in depth at the east end. The depth of the taking is ten feet at the point in front of the residence. Two shade trees which stand in front of the house will be destroyed incident to the highway construction. Also involved is a temporary easement of a plot forty by thirty feet necessary to adjust the entrance to the private garage on the tract.

Before this condemnation, U. S. Highway 62 was a two-lane travelway as it passed in front of appellees' property. The right of way line was thirteen feet north of the front porch before the taking; the new right of way line will be three feet from the porch. The appellant's present plans reflect that the two main travel lanes of the proposed new construction will be relocated two feet closer to appellees' residence than had been so before. An additional "climbing" or "truck" lane, twelve feet in width, is to be constructed south of the two main travel lanes.

Prior to the taking the south edge of the travel lane—the one nearer to the appellees' residence—was thirty-three feet from the front porch; after the new construction the edge of the "climbing" lane will be nineteen feet from the porch. Thus, the actual traveled portion of the roadway will be fourteen feet closer and the right of way line will be ten feet closer. There is to be no material change in the grade of the new road.

Two valuation witnesses testified for the appellant. Each of them fixed a before value of $10,500; their "after" values were shown as $9,300 and $8,750, respectively. The difference in before and after values, according to these witnesses, ranged from $1,200 to $1,750.

Appellees presented five valuation witnesses. Three of them testified to differences in before and after values ranging from $3,000 to $3,250—sums lower than the jury's verdict. The other two (one of whom was the appellee owner) testified to differences of $4,500 and $5,000.

Appellant centers its attack, as it must, upon the probative value of the two witnesses who testified to value differences greater than the sum awarded by the jury. As noted, one of these witnesses was the appellee owner Osborne. He expressed his view that the difference in before and after values is $5,000. He did expressly testify that he was "familiar generally" with the market value of real estate in the pertinent area. (The trial was prior to Com. Dept. of Highways v. Fister, Ky., 373 S.W.2d 720, so no question was raised by appellant's counsel as to Osborne's competence.) Osborne did testify that the loss of the shade trees and the proximity to the travelway " * * * has almost completely destroyed my house as a residential place to live. The road will be so close to it that it will actually be unfit to live in." But he repeatedly related that situation to his opinion of its depressing effect on market value. On the whole, it cannot be said that Osborne's evidence was premised on the basis of his personal inconvenience as opposed to diminution of market value. That the jury failed by $1,300 to accept his figure reflects that the jury took into account any "puffing" which might have stemmed from Osborne's ownership.

The other valuation witness whose appraisal exceeded the jury verdict was a realtor and auctioneer of considerable experience. Although he is not a resident of Nelson County, it was shown that his real estate experience included numerous transactions in that county and in the area where the subject property is situated. He was qualified by training and experience; he evinced knowledge of the subject matter; the jury had a right to accept his opinion. Yet, it failed by $800 to do so. Under all the circumstances of this case we are not able to say that the evidence lacks sufficient probative value to support the verdict; neither does the verdict strike us at first blush as excessive.

The judgment is affirmed.