COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

George P. WHIPPLE et al., Appellees.

Court of Appeals of Kentucky.

March 19, 1965.

As Modified on Denial of Rehearing

July 2, 1965.

John B. Breckinridge, Atty. Gen., Wm. A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Marshall B. Woodson, Jr., Louisville, for appellant.

Henry V. B. Denzer, J. W. Hottell, Louisville, for appellees.

CULLEN, Commissioner.

The Commonwealth of Kentucky, Department of Highways, brought proceedings to condemn for highway purposes all of a lot with a commercial building on it, in Louisville. The jury in circuit court awarded damages of $167,000, and judgment was entered accordingly. The Commonwealth has appealed.

Two valuation witnesses testified for the Commonwealth. They valued the property at $132,875 and $140,000, respectively. Only one such witness testified for the property owners and he placed the value

at $191,740, plus $4,800 for an appurtenant easement (the Commonwealth's witnesses made no mention of the easement). The verdict of $167,000 was broken down, $162,200 for the lot and building and $4,800 for the easement.

■ The appellant's principal argument is that the testimony of the landowners' valuation witness had "an innate lack of verity" and therefore it had no probative value at all. This argument is predicated mainly on the fact that the witness, in using the "income approach" (rent capitalization) to reach his estimate of value, estimated a monthly rental of $1560, whereas at the time of the condemnation the property actually was renting for only $1,200 per month, and the witness did not cite any comparable rental that would support his estimate.

There was evidence that the subject property had brought a rental of $1,500 per month for a period of 18 months which ended a couple of years before the condemnation. This was acceptable evidence that the property had a rent potential higher than the $1,200 per month presently being received under a short-term lease. We cannot say that the estimated rental of $1560 per month used by the landowners' witness was so outlandish and fantastic as to render his testimony completely valueless. At the most it indicated some extravagance on the part of the witness, which the jury could and did discount. See Commonwealth Dept. of Highways v. Tyree, Ky., 365 S.W. 2d 472.

■ Other evidence in the case furnished a basis of support for the verdict. For example, the Commonwealth's witnesses, in discussing on cross-examination their application of a valuation approach based on reproduction cost less depreciation, said that they depreciated the building $75,000, which was at twice the normal rate of depreciation. The jury was not required to accept the reasons given by these witnesses for doubling the depreciation rate, and if the jury believed there had been only normal depreciation they could add $37,500 to the witnesses' estimates of value, which would produce a sum well over the amount of the verdict actually returned.

The appellant maintains that the jury disregarded the evidence and the instructions and based its verdict of $167,000 solely on a blurted-out statement of a witness that the property was insured for $167,000. We think this argument is strictly conjectural. Actually, the verdict for the land and building was $162,200, not $167,000. It is exceedingly doubtful that the jury would value the land *and* building according to the amount for which the building alone was insured. The figure $167,000 was in evidence as the undepreciated replacement cost of the building, and there is just as much reason to guess that the jury picked that figure from that evidence as from the evidence as to insurance coverage. The most reasonable assumption is that the jury simply split the difference between the value estimates of the Commonwealth's and landowners' witnesses.

The appellant complains of errors in the admission of evidence, and of several allegedly prejudicial comments by the trial judge. In our opinion there is nothing of any real substance in the complaints. Some of the evidence complained of properly was admitted; as to other evidence there was no timely objection, or similar evidence previously had been brought out by the appellant. There is no indication of any probability of prejudice. The comments by the trial judge consisted in the main of attempts to keep the trial moving along with reasonable speed, and we find nothing harmful in them.

■ Question has been raised again whether the Commonwealth is required to pay 10% damages on the amount the circuit court judgment exceeds the county court judgment. We held in Commonwealth, Department of Highways v. Frank Fehr Brewing Co., Ky., 376 S.W.2d 541, that it must. CR 81A is not repugnant to KRS 454.190.

The fact the Commonwealth is not required to execute a bond does not exempt it from liability for payment of damages as provided in KRS 21.130.

The judgment is affirmed.