COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Douglas GEORGE et al., Appellees.

Court of Appeals of Kentucky.

March 12, 1965.

As Modified March 26, 1965.

Robert F. Matthews, Atty. Gen., Frank-
fort, William A. Lamkin, Jr., Asst. Atty.
Gen., H. C. Smith, Department of High-
ways, Frankfort, Walter Mobley, Depart-
ment of Highways, Flemingsburg, for ap-
pellant.

P. H. Vincent, A. W. Mann, Thomas E.
Phipps, John C. Clarke, Ashland, for appel-
lees.

MONTGOMERY, Judge.

■ This is a condemnation action by
the Commonwealth to secure right of way
for the construction of Interstate Highway
64. The Commonwealth appeals from a
judgment awarding $51,000 to the land-
owners. It is necessary to consider only
the first ground urged by the Common-
wealth on appeal, which is that the verdict
is excessive.

The land taken is from the 135-acre farm
of appellees Douglas George and his wife
located 2.2 miles from Cannonsburg, south-
west of Ashland. The Ellington Run Road
extends along most of the eastern boundary
of the farm, severing the southeast portion
containing less than twenty acres. The
farm consists of bottom land, some of
which is cultivated, pasture land, and hill
land. One part of the hill land bears strip
mine scars. The improvements consist of
a main dwelling, a barn, two smaller dwell-
ings, and two ponds. The farm has been
used principally for grazing of livestock.

There is No. 7 and 8 coal under the sur-
face but it does not appear to have been

profitably mined recently. Appellees Ross and Seaton claim to have a coal lease on the land. The lease permitted mine openings only in a designated area and prohibited strip mining. It is the subject of other litigation concerning its termination.

The jury fixed the before value of the property at $76,000 and the after value at $25,000, from which the court entered a judgment of $51,000 as compensation for the land taken and damages. Included in the approximately thirty acres taken were six acres of bottom land and twenty-four acres of hill land, part of which was severed and rendered inaccessible. The hill land is referred to as coal land.

Considering the property taken and the claims of damage, the Court has concluded that the verdict is excessive. The property for which the after value was fixed at $25,000 included the major improvements, more hill or coal land than had been taken, more bottom land than had been taken, more coal than had been taken, and better access than there had been previously. A frontage road was provided along the north boundary of the property. In substance, the award of $51,000 for about thirty acres of the farm plus incidental damages is more than twice the amount of the $25,000 fixed as the after value of the remaining 105 acres, with more and better improvements and with higher proportions of coal and of bottom and hill lands with better access. The verdict is demonstrably erroneous. Pierson v. Commonwealth, Ky., 350 S.W.2d 487.

The first blush reaction, so often used in determining the adequacy of verdicts, deepens with further consideration in this case. It is unnecessary to repeat the oft enunciated principles governing the setting aside of a verdict for excessiveness. Commonwealth v. Gearhart, Ky., 383 S.W. 2d 922; Commonwealth v. Conatser, Ky., 347 S.W.2d 515; Commonwealth v. Rankin, Ky., 346 S.W.2d 714, and cases cited therein. The Court is just as duty bound to reverse a judgment for excessiveness as it is to uphold a proper verdict. Here, duty compels a reversal.

Appellees have cited several cases to sustain the judgment. They are not considered as applicable, primarily because each condemnation case must stand on its own peculiar facts when the excessiveness of the judgment is considered. Salt River Rural Electric Coop. Corp. v. Thurman, Ky., 275 S.W.2d 780. The present case is a gross example of a violation of the rule that the basic measure of damages is the difference in the fair market value of the lands condemned before and after the taking. Gulf Interstate Gas Company v. Garvin, Ky., 368 S.W.2d 309.

Other questions raised are reserved, including the unanswered attacks on the testimony of Douglas George, the landowner, and of Charles Allan Reed for failure to give a proper basis for their testimony. George fixed the before value at $150,000, based on what the property was worth to him as an unwilling seller. See Commonwealth v. Darch, Ky., 374 S.W.2d 490; Commonwealth v. Tyree, Ky., 365 S. W.2d 472, and cases cited therein.

Judgment reversed.