**COMMONWEALTH of Kentucky, DEPT. OF HIGHWAYS, Appellant,**

v.

**Monroe ADAMS et al., Appellees.**

Court of Appeals of Kentucky.

March 26, 1965.

————◆————

John B. Breckinridge, Atty. Gen., Wm. A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Edmond H. Tackett, Pikeville, for appellant.

Scott Collins, Prestonsburg, for appellees.

DAVIS, Commissioner.

The appellees were awarded $9,000 by verdict and judgment in this condemnation action; the Department of Highways seeks to reverse the judgment upon these grounds: (1) The appeal to circuit court from county court was not timely; (2) witnesses for appellees gave incompetent evidence and used irrelevant factors and noncompensable items as bases for appraisal; (3) evidence of double damages was allowed; (4) the verdict is excessive.

Before the taking the land owned by appellees consisted of about ten acres, located on Middle Creek. A relatively new residence is situated on the property; the home is not taken, but its utility will be adversely affected by the taking, according to the view of the appellees. Before the taking a privately built 35-foot bridge spanned Middle Creek from Kentucky Highway No. 114 into the premises. The taking includes that bridge, and the channel of the creek will be changed so that it will be closer to appellees' residence. The taking is of 1.6 acres of overflow creek

bottom land. It will be necessary for appellees to provide a new, longer bridge across Middle Creek in order to have ingress and egress to and from the property. The taking is for construction of the Eastern Kentucky Parkway Extension.

For the appellees it was shown that although the taken bottom land is subject to overflows in seasons of heavy rain, it was quite productive. Moreover, appellees had evidence that a portion of the bottom land which remains is partially "swampy" and, by reason of its proximity to the relocated creek channel, such bottom land as remains will not be usable.

Two appraisal witnesses gave evidence for the Department; one gave a before value of $9,940 and after value of $7,640, with a resulting difference of $2,300. The other placed the before and after values at $10,325 and $7,905, respectively, so that the difference equaled $2,420.

Witnesses for appellees gave before value estimates ranging from $12,000 to $14,000; their after values ranged from $3,000 to $4,000, so that their "difference" figures were $9,000 to $10,000. As noted, the jury's award was $9,000.

■ First, it is urged that the judgment must be reversed because the appeal from the Floyd County Court to the Floyd Circuit Court was not timely. KRS 177.087(1) directs that the appeal time in such instances is thirty days. However, by an amended and supplemented record, as permitted by CR 75.08, it is shown that the appeal from the county court to the circuit court was timely. Hence, there is no merit in the first contention. Cf. Com., Dept. of Highways v. Berryman, Ky., 363 S.W.2d 525, and Com., Dept. of Highways v. Daly, Ky., 374 S.W.2d 497.

■ The complaint relating to evidence of irrelevant factors and noncompensable items is founded primarily in the evidence for appellees which reflected the cost of construction of a new bridge across Middle Creek. The trial court admitted evidence on this phase of the case, over objection by appellant, but subsequently struck the evidence from the case and admonished the jury not to consider it. Under these circumstances, we are not able to say that appellant's substantial rights were prejudiced. CR 61.01.

Appellant asserts that "double damages" were allowed, and that this happened because evidence as to "double damages" was erroneously admitted. It relies on such cases as Com., Dept. of Highways v. Taylor, Ky., 368 S.W.2d 732; Com., Dept. of Highways v. Eubank, Ky., 369 S.W.2d 15; Pierson v. Com., Dept. of Highways, Ky., 350 S.W.2d 487; and Com., Dept. of Highways v. Blanton, Ky., 352 S.W.2d 545. The basis of this argument is that evidence as to the cost of a new bridge—plus evidence that the remainder will be damaged because of the loss of the old bridge—is obviously "double damage" evidence. We agree; however, as just observed, the trial court excluded the evidence relating to the cost of a new bridge; in so doing, the basis for the argument was eliminated.

■ We do not find the verdict to be so excessive as to shock the conscience at first blush. It appears liberal, but not excessive. There is no merit in appellant's contention relating to evidence of other sales which were not truly comparable, since the trial court refused to permit the witnesses to give details of these challenged sales.

The judgment is affirmed.

HILL, J., not sitting.