**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,**

v.

**Roy HOLBROOK and Lorainne Holbrook, wife, Appellees.**

Court of Appeals of Kentucky.

June 18, 1965.

Robert Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Edmond H. Tackett, Dept. of Highways, Prestonsburg, for appellant.

Cordell H. Martin, Hindman, Rudy Yessin, Edward L. Fossett, Frankfort, for appellees.

CLAY, Commissioner.

In this highway condemnation case the landowners were awarded $7,000 compensation for the taking of 3.11 acres from the back end of approximately 11 acres of overflow bottom land fronting on Kentucky Highway 114 and sloping back to Burning Fork Creek. The taking also severed .8 of an acre. Appellant questions the competency of appellees' evidence and contends the verdict is obviously excessive.

Three witnesses testified for appellees. One was an owner of the land, another was a neighboring farmer and the third was a real estate broker and auctioneer. They testified that the difference in value before and after the taking was approximately $10,000, based on an estimated before value of $19,000.

The testimony of the landowner lacked probative value from many standpoints, one of which was that he valued his tract at $1,000 an acre (including valuable improvements) and then said the taking of a little over three acres caused damage about triple the value of the land in the first place. Another witness considered speculative factors and based his opinion of damage upon what he would take for the loss of acreage if it were his farm. The only witness who appeared well qualified as an expert showed lack of adequate knowledge of the property involved and included as a factor a certain condition not shown to be related to the taking.

To begin with, the landowners' valuation evidence was unsatisfactory in many respects and demonstrated a tendency grossly to inflate the before value and grossly minimize the after value without sound reasons therefor. The most glaringly incom-

prehensible thing about the testimony of appellees' witnesses is that they estimated the loss of the least valuable one-third of the tract caused the landowners damage in a sum greater than one-half the value of the whole tract. While the jury would not go this far (thereby evincing their opinion that the evidence of the landowners' witnesses was not fully credible), this verdict which allows appellees more than $2,000 an acre for bottom land subject to periodic overflow is at first and last blush excessive. See Commonweatlh, Department of Highways v. George, Ky., 387 S.W.2d 580.

The judgment is reversed for a new trial.