**MENGEL PROPERTIES et al., Appellants,**

v.

**CITY OF LOUISVILLE, Appellee.**

Court of Appeals of Kentucky.

Dec. 17, 1965.

As Modified on Denial of Rehearing April 15, 1966.

Lawrence S. Grauman, Louisville, for appellant.

Eugene H. Alvey, Bernard S. Goldstein, Louisville, for appellee.

HILL, Judge.

Appellant Mengel Properties, a corporation, appeals from a verdict and judgment of $132,000 for 42.9 acres of unimproved land sought by appellee, the City of Louisville, to be used along with other land in constructing a zoo. The procedure provided in KRS 97.257 and 416.120 was followed.

A reversal is urged on the grounds that: (1) the trial court erred in refusing to permit the introduction of competent evidence; (2) the trial court erred in overruling appellant's motion to discharge the jury for misconduct of the witness Harris; (3) the award by the jury was grossly inadequate; (4) the court erred in admitting incompetent evidence by appellee; and (5) the court erred in permitting appellee to introduce the testimony of the witness Libby in rebuttal.

The land herein condemned is situated between Trevilian Way and the Watterson Expressway in the southern part of the corporate limits of the City of Louisville, with frontage of 1,500 feet on Shuff Lane. It was purchased in 1960 by appellant for $79,000. At this time, it was known by appellant that a sewer system would be extended to the subject property without cost to appellant. Such system was thereafter installed.

First, appellant contends the trial court erred in refusing to allow appellant to prove by Eugene Alvey that appellee purchased 37.24 acres adjacent to the subject property for $186,200 and another tract containing 61 acres in the amount of $198,250. Appellant argues that these two sales were voluntary transactions, and that the land was comparable to the land herein condemned. With this we cannot agree. At the time the claimed comparable sales were made, condemnation cases were pending to acquire title thereto. We have held that purchases of property by potential condemners are not admissible as comparable sales. Commonwealth, Dept. of Highways v. Eubank, Ky., 369 S.W.2d 15 (1963); Commonwealth v. Evans, Ky., 361 S.W.2d 766 (1962); and Commonwealth, Dept. of Highways v. Gearhart, Ky., 383 S.W.2d 922 (1964). It is earnestly insisted by appellant, not without eminent authority such as Nichols' Eminent Domain and 1 Orgel on Eminent Domain, that purchases by prospective condemners should be admitted and objection to such evidence should go to its weight rather than to its admissibility. It is also pointed out that a distinction should be made in a situation where the condemner is not compelled to acquire the land and those situations where the condemner is impelled to acquire, as in highway condemnation cases. In Commonwealth Dept. of Highways v. McGeorge, Ky., 369 S.W.2d 126 (1963), we recognized such a distinction, but we classed as compulsory the situation where the condemner has "committed itself to * * * a particular block of tracts" and has "begun the acquisition."

That was the situation in the instant case, and in our opinion the evidence in question was properly excluded.

■ Complaint is made of the refusal of the trial court to allow appellant to show that the Planning and Zoning Commission requires the Metropolitan Sewer District to approve property before the Commission will act favorably. This is the law, but we fail to see wherein such evidence would have been of aid to the jury in arriving at the value of the property.

■ Error is claimed also when the trial court allowed appellee to prove that the City of Louisville, in consideration of appellant's giving an easement through its property, installed the sewer without cost to the property owner. We consider this evidence improper but not prejudicial to appellant. Without question, the construction of sewer facilities thereon increased the value of appellant's property. However, as is noted above, appellant and its predecessor in title knew of the planned sewer extension at the time of purchase of the tract. Although the sewer was not actually constructed until after the acquisition of the tract by appellant, it is fair to assume that such circumstances figured in the sale price of the property. We conclude this evidence was not prejudicial to appellant in view of the fact that the verdict was about $52,000 more than the property cost appellant four years before the taking.

The second ground presented for our consideration relates to the testimony of the witness Harris, who referred unresponsively to the assessed valuation of appellant's property at $42,520. Following is a full quotation of what was said in connection with the assessed valuation:

"A. * * * and in your overall thinking, you know the assessment is $12,520 and you know its (sic) the duty of the tax assessor—

"Mr. Grauman: Now, your Honor, Mr. Goldstein knows that's not competent.

"Mr. Goldstein: Now that wasn't responsive to my question Judge. I think it has no bearing on the case.

"The Court: Listen to counsel's questions, Mr. Harris, and answer them directly.

"Mr. Grauman: Counsel for the defendants moves to discharge the Jury because of the misconduct of the witness Claude H. Harris.

"The Court: Overruled."

■ The jury heard all of this exchange except the motion to discharge the jury. Certainly the jury must have concluded that the testimony was improper because both attorneys and the court treated it so. While it is true the tax assessment of property is incompetent unless assessed by the property owner, as was held in Commonwealth v. Gilbert, 253 S.W.2d 264, 39 A.L.R.2d 205 (1952), we must give due credit to the intelligence and fairness of the jury in being able to disregard improper evidence that may creep into a trial. We think the court committed no error in overruling the motion to discharge the jury. There was no motion for an admonition to the jury. In Commonwealth v. Shaw, Ky., 390 S.W.2d 161 (1965), this Court said:

"However, it is counsel's responsibility to request the relief to which he is entitled, and in the absence of an appropriate motion the trial court's failure to act on its own volition is not an error. The court is of the opinion that a blanket motion to strike the entire testimony of the witness is not sufficient to make it incumbent on the trial court, upon correctly overruling the motion to initiate some other and more appropriate action."

The Shaw case involved a motion to strike the evidence of a witness. We think the situation is analogous.

■ It is next insisted the verdict is grossly inadequate. Three of appellee's witnesses fixed the value of the tract be-

tween $93,000 and $109,275. Three witnesses for appellant fixed the valuation from $215,000 to $258,000. We cannot say the amount of the verdict strikes the mind of the court at first blush as having been given under the influence of passion or prejudice. Cf. Commonwealth, Dept. of Highways v. Adams, Ky., 388 S.W.2d 569 (1965); Commonwealth, Dept. of Highways v. Osborne, Ky., 387 S.W.2d 854 (1965); Commonwealth, Dept. of Highways v. Gardner, Ky., 388 S.W.2d 360 (1965); Commonwealth, Dept. of Highways v. Darch, Ky., 390 S.W.2d 649 (1965); and Commonwealth, Dept. of Highways v. Holbrook, Ky., 390 S.W.2d 897 (1965).

■ Appellant complains of evidence offered by appellee relative to other sales, particularly evidence of the sale of a 24-acre tract with a large brick residence thereon. The witness undertook to value the residence separately in an effort to fix a value on the land without the improvements. We conclude this evidence was competent. Its weight was a matter for the jury to determine. Whether the land in the 24-acre tract was like or similar to the subject property was likewise a question for the jury.

■ Finally, it is asserted by appellant that the court erred in allowing appellee to introduce the witness William P. Libby to testify in rebuttal. Appellant contended and offered evidence that there was no low land subject to overflowing contained in the tract sought to be condemned. Appellee sought to prove by Libby that he used a planimeter to determine that 12.9 acres was low land. His evidence is also attacked because his name did not appear on the list of appellee's witnesses.

■ Appellant reminds this Court that in some jurisdictions the parties in litigation are required by pre-trial order to furnish the adverse party with a list of the names of all witnesses intended to be used at the trial, and that failure to furnish the name of a witness may be grounds for refusing to allow such witness to testify. Newsum v. Pennsylvania Railroad Co., 97 F.Supp. 500 (S.D.N.Y.) (1951), and Battershell v. Bowman Dairy Co. (1962) 37 Ill.App.2d 193, 185 N.E.2d 340, are relied on by appellant. This Court has not definitely adopted this rule, but a quotation from 17 Am.Jur. section 68, (Discovery and Inspection), page 64 appearing in Commonwealth, Dept. of Highways v. Frank Fehr Brewing Co., Ky., 376 S.W.2d 541, indicates the rule may in a proper case be invoked. The rules of civil procedure do not require litigants to furnish the names of their intended witnesses. We do not now announce the rule as a hard and fast one but prefer to leave the question to the sound discretion of the trial judge. It can be said, however, that ordinarily there would be less reason to apply the rule to rebuttal witnesses.

The judgment is affirmed.