**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Lewis R. TANNER et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 16, 1968.

----◆----

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Dept. of Highways, Frankfort, James E. Adkins, Catlettsburg, Lewis D. Jones, Flemingsburg, for appellant.

J. W. McKenzie, H. David Hermansdorfer, Ashland, for apellees.

DAVIS, Commissioner.

The Department of Highways is appealing from the judgment of $42,500 entered pursuant to the jury's verdict in this highway condemnation proceeding. The Department presents six assignments of error, but our view of the case makes it unnecessary to detail these contentions or deal with them in depth, except to the extent hereinafter noted.

The property involved in the taking is commercial property located on the south side of existing U.S. Highway 23 between Ashland and Russell and bounded on its west side by Kentucky Highway No. 5. The right-of-way being acquired in this proceeding is incident to widening of U. S. 23 and Route 5 and necessitates the acquisition of an irregularly shaped parcel embracing 5,750 square feet out of the original tract of 38,500 square feet. Additionally, a temporary easement for the purpose of providing curbing and a drainage trough was obtained along 122.67 feet of the frontage; the easement had depth of 10 feet and was used for fourteen months. There was no permanent taking affecting the portion of the tract on which the temporary easement was used.

In its verdict the jury fixed the before market value of the entire property at $125,000 and found its after market value to be $85,000, resulting in a difference of $40,000. The jury fixed $2,500 as the award for the temporary easement. The appraisal witnesses for the parties expressed their opinions of before and after values as follows:

### Witnesses for the landowners:

| Before Market Value | After Market Value | Difference | Temporary Easement |
|---|---|---|---|
| $137,000 | $82,000 | $55,000 | $3,000 |
| 137,000 | 82,000 | 55,000 | 4,500 |
| 135,000 | 78,000 | 57,000 | 6,000 |

### Witnesses for the Department:

| Before Market Value | After Market Value | Difference | Temporary Easement |
|---|---|---|---|
| $109,000 | $91,000 | $18,000 | $ 400 |
| 105,000 | 87,500 | 17,500 | 500 |

----◆----

Analysis of the foregoing opinion evidence reflects that there is no substantial variance between the testimony from both sides as to after value and the jury's verdict of after value. The chief source of the disparity between the opinions expressed in

behalf of the Department and those offered in behalf of the appellees is to be found in the variant before values given by the witnesses. It remains to look at the record to determine whether the evidence of before value in behalf of the property owners possessed sufficient probative value to support the jury's finding of before value in its verdict. Three valuation experts testified for the landowners, and each of them expressed technical qualifications and experience warranting reception of opinion evidence from them as expert appraisal witnesses. Each of these witnesses employed the capitalization theory of appraisement which was explained by them as being an appraisal technique often employed in fixing values of commercial properties. In its brief the Department cites from the American Institute of Real Estate Appraisers, Revised Second Edition, two definitions of capitalization:

"Capitalization is the process of ascertaining the magnitude or worth or value of a capital good with the use of a rate which is believed to represent the proper relationship between the capital good or property and the net income it produces." Id. Chapter 17, Page 322.

"Capitalization is a procedure in the appraisal process by which the capital value of property may be estimated from the quality, the quantity and duration of its net income expectancy." Id. Chapter 17, Page 336.

The Department quarrels with the approach used by the landowners' witnesses on the premise that the witnesses used gross income expectancy rather than net income expectancy in formulating their before value opinions on the capitalization theory. We think each of the witnesses sufficiently explained the procedure followed in fixing before value estimates and find no merit in the Department's contention that the evidence of the three witnesses should have been stricken from the record. Cf. Commonwealth, Department of Highways v. Whipple, Ky., 392 S.W.2d 81.

The witnesses for the landowners expressed plausible reasons and cited pertinent factors supporting their expressed opinions of before value. We are unable to perceive any basis for holding that the opinions of the witnesses for the appellees were totally incompetent, nor can we find them to be so wanting in probative quality that they must be said to fail to support the jury's finding. We are mindful of the fact that substantial agreement as to after values, accompanied by wide divergence in before values, may raise a question as to the reliability of the evidence of before value. In this case the witnesses for the landowners testified that the after value was not quite 60% of the before value, whereas the Department's witnesses said the after value was nearly 84% of what they considered its before value. Yet, the factors bringing about diminution in value were the same. It appears to the court that the witnesses for the landowners adequately supported their opinions by stating reasons for them sufficient to support the verdict in this case.

■ The Department reasons that the verdict is palpably excessive, and demonstrably so, because the taking is of 14.93% of the aggregate area, whereas the total award (not considering the temporary easement) equals 32% of the before value fixed by the jury. No improvement was taken except the one-car garage, and all the witnesses agreed that the garage and the residence buildings contributed nothing to the highest and best use value of the tract before or after the taking. The verdict is within the range of the testimony and is not so large as to impress the majority of the court as being palpably excessive within the principles enunciated in Commonwealth, Department of Highways v. Gearhart, Ky., 383 S.W.2d 922; Commonwealth, Department of Highways v. Smith, Ky., 413 S.W.2d 72; and cases there cited and discussed. Compare Commonwealth, Department of Highways v. Brown, Ky., 415 S.W.2d 825, in which an award of 30%

of the market value of a residential property was not deemed palpably excessive.

■ The Department has complained that the trial court permitted the landowners to withdraw from a stipulation concerning the accuracy of the Department's map exhibit. We find no merit in the Department's position, because the trial court afforded the Department full opportunity to meet any element of surprise occasioned by the withdrawal from the stipulation's terms. There was conflicting evidence presented by engineers, one for the Department and one for the landowners, as to the true location of the former right-of-way line. The Department had available to it all of the evidence it could adduce, so far as this record reveals, so there could have been no prejudice in the court's permitting the landowners to withdraw a portion of their stipulation. This was a matter which rested in the sound discretion of the trial court, and we find no abuse of that discretion. 50 Am.Jur., Stipulations, Section 14, Pages 613, 614.

■ One of the witnesses for the Department had been a commissioner appointed by the county court, to fix the value of the property involved in this case. When that witness was offered for the Department, the trial court ruled that the Department could not elicit from the witness the fact that he had served as a county court commissioner in the case. It is true that we have said that a commissioner may relate that he did act as such, but he may not reveal the amount of the commissioners' award. Commonwealth, Department of Highways v. Evans, Ky., 361 S.W.2d 766. We cannot believe that identifying the witness as a county court commissioner in the action would have added "one cubit to his stature" as an expert witness.

■ Some evidence which related to flooding of the basement of a commercial building on the premises during construction and of inconvenience during construction was introduced over the objection of the Department. However, the trial judge subsequently admonished the jury to disregard that testimony. No further relief was asked in behalf of the Department. The evidence complained of dealt with after value anyway, and in our view of the case, could not have been prejudicial. The court's admonition to the jury was sufficient to erase the effect of any claimed prejudicial error here.

■ The award of $2,500 for the use of the temporary easement was predicated upon testimony and an instruction couched within the rule announced in Commonwealth, Department of Highways v. Ray, Ky., 392 S.W.2d 665. The temporary easement lasted for fourteen months and occupied the entranceway of a drive-in restaurant. Although the award may seem generous, it may not be regarded as palpably excessive.

The judgment is affirmed.

WILLIAMS, C. J., and MILLIKEN, OSBORNE, PALMORE, and STEINFELD, JJ., concur.