George R. WAGONER, Acting
Commissioner, Department of
Labor, etc., Appellant,

v.

Edwin CANSLER et al., Appellees.

George R. WAGONER, Acting
Commissioner, Department of
Labor, etc., Appellant,

v.

Earl RENSHAW et al., Appellees.

George R. WAGONER, Acting
Commissioner, Department of
Labor, etc., Appellant,

v.

Lawson SMITH et al., Appellees.

Supreme Court of Kentucky.

Oct. 1, 1976.

Earl M. Cornett, Gen. Counsel, Dept. of Labor, Frankfort, Cyril E. Shadowen, Dept. of Labor, Louisville, for appellant.

Leland Monhollon, Ronald K. Bruce, Thomas Mitchell, Madisonville, J. Craig Riddle, Jr. (Agent for Island Creek Coal Co., appellee), Madisonville, for appellees.

STERNBERG, Justice.

These appeals are the aftermath of workmen's compensation litigation. Motions for appeal were granted, and the above-styled appeals were consolidated. The one and only issue is the same in each of these appeals, and we limit our consideration to the single question worded as follows in appellants' brief:

"Whether an agency of the Commonwealth is required to pay the penalty prescribed by KRS 21.130."

The Workmen's Compensation Board awarded to each of the claimants a definite sum of money per week for a fixed period of time. The Special Fund appealed each case to the circuit court, and in each case the award of the Board was affirmed. On appeals to this court the judgments of the circuit courts were affirmed. Upon a return of the cases to the circuit courts from whence they came, each claimant made a motion for judgment against the Special Fund for 10% of the original award of the Workmen's Compensation Board. The Special Fund denied liability on the basis of sovereign immunity. With this argument the trial court did not agree, and neither do we. In each case the circuit court entered judgment against the Special Fund; hence, these appeals.

Appellants' argument may be summarized as follows:

The Special Fund is a division of the Department of Labor and, as such, is an instrumentality of the Commonwealth of Kentucky and, by reason of sovereign immunity, is exempt from the penalty provisions of KRS 21.130.[1]

In *Commonwealth, Dept. of Highways v. Frank Fehr Brewing Company*, Ky., 376 S.W.2d 541 (1964), this court wrote:

"Appellee's brief having raised the question of whether it is entitled to 10% damages on $18,300, the amount of its recovery remaining unpaid pending the appeal, we hold that it is. KRS 21.130; CR 81A."

In *Commonwealth, Dept. of Highways v. Whipple*, Ky., 392 S.W.2d 81 (1965), this court said:

"Question has been raised again whether the Commonwealth is required to pay 10% damages on the amount the circuit court judgment exceeds the county court judgment. We held in *Commonwealth, Department of Highways v. Frank Fehr Brewing Co.*, Ky., 376 S.W.2d 541, that it must. CR 81A is not repugnant to KRS 454.190. The fact the Commonwealth is not required to execute a bond does not exempt it from liability for payment of damages as provided in KRS 21.130."

It is altogether too clear to warrant equivocation that the Special Fund is obligated to the same extent as if it had given the bond.

The judgment is affirmed.

All concur.

---

1. KRS 21.130 was repealed at the regular 1976 session of the General Assembly. (SB 162, C 67, § 14; SB 160, C 59, § 3.)