**Jack O. EDGE et al., Appellants,**

v.

**T. M. HOOK, Appellee.**

Court of Appeals of Kentucky.

June 14, 1957.

Thomas J. Sabetta, Owensboro, for appellants.

William L. Wilson, Wilson & Wilson, Owensboro, for appellee.

CULLEN, Commissioner.

Jack Edge, owner of a farm in Daviess County, and Edward Foster, his tenant, brought action against T. M. Hook, a highway contractor, for damages to the plaintiffs' tobacco crop alleged to have been caused by dust arising from road and bridge construction work done by Hook upon a highway adjoining Edge's farm. The court dismissed the complaint upon

the ground that it did not state a claim upon which relief could be granted. CR 8.01, 12.02. The plaintiffs have moved for an appeal, the amount involved being less than $2,500.

The action is predicated on negligence, and the paragraph of the complaint alleging negligence is as follows:

"That after the plaintiffs had planted their Burley and Pryor tobacco crop and in or about May, June, July and August of 1954, the defendant, pursuant to a contract with the Department of Highways of the Commonwealth of Kentucky, commenced construction of a bridge and highway approaches thereto on said Leitchfield Road near the plaintiff's farm, and during the course of said construction negligently permitted deep layers of dry dust to accumulate and settle upon the tobacco crop during its growth as aforesaid; and that the defendant negligently failed to keep said dust watered or oiled down to prevent its spreading upon the plaintiff's land and crops."

Appellants argue that with a general allegation of negligence their complaint could not properly be dismissed if there was any state of facts that could be proved in support of the claim of negligence, relying upon Spencer v. Woods, Ky., 282 S.W. 2d 851, and Ingram v. Ingram, Ky., 283 S.W.2d 210. The appellee maintains that the complaint alleged *specific* acts of negligence, namely, "permitting" the dust to accumulate and failing to keep the dust watered or oiled down, and that the specific acts alleged cannot constitute negligence because there is no duty upon a highway contractor to take affirmative steps to prevent the accumulation and spreading of dust.

Although the complaint does employ language tending to specify particular acts of alleged negligence, we believe that the complaint reasonably may be taken as alleging in general that negligent conduct on the part of the contractor resulted in dust spreading and settling upon the plaintiffs' tobacco crop.

In Commonwealth v. Moore, Ky., 267 S.W.2d 531, 532, we held that an action could not be maintained by a landowner against the Commonwealth for dust damage to crops arising "in the proper construction or reconstruction of a highway" or "from normal and proper work upon a highway." The highway contractor would enjoy the same protection. Hunt-Forbes Construction Co. v. Robinson, 227 Ky. 138, 12 S.W.2d 303. However, it is pointed out in the latter case that the highway contractor is not relieved of responsibility for injury caused by *negligence*.

We believe the plaintiffs in the case before us should be given the opportunity to produce proof, if they can, that the work done by the defendant contractor was not "normal and proper," in that it did not comply with the standard of care of the ordinarily prudent man engaged in like work. Presumably, this will require something more than mere proof of the omission of the defendant to take affirmative steps to lay the dust.

The motion for an appeal is sustained and the judgment is reversed, for proceedings in conformity with this opinion.