COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant.

v.

Grace M. FARRIS, Appellee.

Court of Appeals of Kentucky.

Nov. 17, 1961.

John B. Breckinridge, Atty. Gen., H. D. Reed, Jr., Asst. Atty. Gen., Paul E. Hun-

ley, Dept. of Highways, Frankfort, for appellant.

Lewis A. White, Mt. Sterling, for appellee.

STANLEY, Commissioner.

The Department of Highways condemned a 300 foot wide right of way through a 175 acre dairy farm of Mrs. Grace M. Farris for the construction of Interstate Highway No. 64. Some other small areas were also taken, apparently for an access way. The acreage taken is 18.87 acres. Within this were located a large tobacco barn and two ponds, which were, of course, destroyed. The strip bisects the farm, leaving 120 acres on the north and 36 acres on the south side of the highway, according to the landowner's evidence, or 113 and 43 acres, respectively, according to the Department's measurements. Tenant houses, dairy sheds and other facilities are on the south parcel. The dwelling house, other farm buildings, pasture land and other facilities are on the northern parcel.

The construction of the new interstate system of highways introduces a new factor into our condemnation cases, for they are nonaccessible to the property owner except by ways of access from other public roads built as part of the system. Here the highway forms an impenetrable wall between the two parts of appellee's land. The farm has been on the Grassy Lick Road and the smaller area continues to bound it. That road has been relocated in part and crosses the new highway on an overpass. The northern area is completely cut off from any road except by a gravel road (apparently 1,500 feet long) built by the Department to the relocated Grassy Lick Road north of the overpass. It is, or will be, necessary for the landowner to build farm roads to connect with this access way, to erect 45 rods of new fencing and relocate other fences, and to provide new water supplies. To get from one part of the divided farm to the other it is, or will be, necessary to travel the relocated Grassy Lick Road and cross the new highway on the overpass and the newly built 1,500 foot access gravel road. It is, or will be, necessary to drive the dairy cows at least a mile twice a day over this route between the pasture and the milking facilities.

The reasonable market value of the farm before the taking was estimated by two appraisers for the Highway Department to be (an average in round figures) $89,500 and after the taking, $52,400, thus they fixed the compensation at $37,100. The average of the appraisals by four witnesses for the landowner was before the taking $90,000 and afterward $36,000, a difference of $54,000. The witnesses divided their appraisals between valuation of the property taken and the damages for diminution in value of the remainder of the farm. The verdict was for $19,835 for land taken and $27,295 for "damages to remainder of farm." The total award of $47,130 is a little above the average of the witnesses, and is about $9,000 less than the sum awarded by commissioners of the county court and confirmed by the judgment of that court.

We need not pass on the claim of excessive damages and some other questions raised by the appellant, as it seems to us the judgment must be reversed for an erroneous instruction.

The instruction authorized, in proper language, a recovery for the fair and reasonable market value of the 18.87 acres of land and improvements taken by the Commonwealth, "considering the land and improvements taken in relation to the entire farm of which they are a part." A second paragraph of the instruction reads:

"Second, such a sum as you may believe from the evidence will reasonably compensate the landowner, Mrs. Farris, for the damages which will directly result to the remaining portions of her farm by reason of the situation in which they are placed by the taking of said 18.87 acres and by reason of

the costs of roads, re-arrangement of fencing, replacement of water supply and replacement of other improvements as may be necessary to provide for the reasonable use and enjoyment of the remaining portions of the farm by reason of the taking of said 18.87 acres."

The instruction concluded that the award "should not exceed in all the amount which you may believe from the evidence is the difference between the fair market value of the entire farm immediately before, and the fair market value of the remaining portions thereof immediately after, the taking of said 18.87 acres and improvements thereon."

The appellee contends that the given instruction was proper, but if not, that the appellant failed to preserve its objection properly because it did not specify the matter objected to or state any ground of objection, as is required by CR 51. The attorney for the Commonwealth merely objected to the court giving three instructions offered by the landowner, one of which was that referred to above. The Commonwealth, however, offered and requested the court to give an instruction in practically the same form as that approved in Commonwealth v. Combs, 244 Ky. 204, 50 S.W. 2d 497, published as § 360, Stanley's Instructions to Juries. It omitted reference to any specific item of damage or award as contained in the second paragraph of the given instruction.

■ In Fields v. Rutledge, Ky., 284 S.W. 2d 659, p. 662, 58 A.L.R.2d 210, we wrote, that where instructions offered by a party clearly presented his position and they were refused by the court, there is no necessity for the party to be specific in order to save his right of review of the instructions given. It may be, as appellee submits, the statement was obiter dictum; but it was a justifiable response to arguments made on the appeal. Dictum or not, it became a decision in R. H. Kyle Furniture Co. v.

Russell Dry Goods Co., Ky., 340 S.W.2d 220, p. 226, in which we held that though the appellant had offered an instruction faulty in form, it should be "regarded as being tantamount to revealing the ground and sufficient to save its right to attack the given instruction." This interpretation of Rule 51 as being sufficient to serve the purpose of directing the court's attention to the point of possible error and afford the court an opportunity to correct an instruction proposed to be given if it be erroneous, is generally recognized. Ohlinger's Fed. Prac., Rule 51(6); Moore's Fed.Prac., Rule 51.04.

■ The given instruction, it will be observed, states the compensation for consequential damages to be that which directly results "by reason of the situation" in which the untaken parcels are placed and the "costs" of necessary fencing and "replacement" of certain facilities or improvements.

In Greenup County v. Redmond, Ky., 335 S.W.2d 335, we thoroughly reviewed the proper elements of compensation for damages to or impairment of the market value of untaken land, commonly called consequential or resulting damages. We held, as had been previously held, admissible and competent evidence of expenditures for improvements or facilities reasonably necessary to be incurred by reason of the taking of the right of way, but that it is not proper for the instructions to the jury to authorize specifically such costs other than for fencing. We reaffirmed as the proper instruction the form prepared by this court in Commonwealth v. Combs, 244 Ky. 204, 50 S.W.2d 497, which is published as § 360, Stanley's Instructions to Juries. In that case, however, the cost of additional fencing was omitted from the prepared instruction because the landowners had made no claim for it in their exceptions to the commissioner's report. The instruction in the Greenup County case included that specific item. The judgment was reversed

not because of the instruction but because the verdict was for different sums for several other specified items, at least one of which could not be deemed "necessary" although convenient. In the present case there was evidence of the necessity of making improvements and supplying facilities, as stated earlier in the opinion, but there was no evidence of cost except for new fencing and the construction of a farm road to reach the newly provided access road.

We find it necessary to reverse the judgment because of the erroneous instruction.

Judgment reversed.