**Josephine ROSE, Administratrix of Refus Rose, Appellant,**

v.

**T. E. VASSEUR, Appellee.**

**Marcus Milford WALKER, Appellant,**

v.

**Stanley VINSON, Jr., et al., Appellees.**

**Josephine ROSE, Administratrix of the Estate of Refus Rose, Appellant,**

v.

**Stanley VINSON, Jr., Appellee.**
**Consolidated Cases**

Court of Appeals of Kentucky.

June 22, 1962.

Francis T. Goheen, Paducah, for appellants.

L. M. Tipton Reed, Mayfield, Adrian H. Terrell, James L. Hardy, Paducah, for appellees.

BIRD, Judge.

This is a second appeal in this case. See Rose v. Vasseur, Ky., 320 S.W.2d 608. The testimony is substantially the same in this case and it was submitted to a jury substantially in accordance with this Court's holding on the first appeal. On this appeal no complaint is made about the instructions. The jury found for the defendants and the plaintiffs, Rose and Walker, appeal.

The basis for the appeal is stated in appellants' brief as follows:

"Rose and Walker appeal because they believe that they were denied a fair and impartial trial as a result of what was said and done by the Circuit Judge during the trial."

Counsel for appellants undertook to introduce some pictures and counsel for ap--

pellees objected. We quote from the record as to what transpired at that time in the presence of the jury:

"By Mr. Terrell: We object, because the picture doesn't show the same road.

"By The Court: Well, just leave the pictures out of it. Is that all you want with this man?

"By Mr. Goheen: Judge, we want to show the visibility on that road from various points to various points. Now, it's true you know it but some of the jurors may not know it. They may not know the extent to which it is visible from the culvert over this Mayfield Creek to the Byron driveway. They may not know there's not five curves in there.

"By The Court: *Well, go ahead and give everything you can think of. Now, I want to try this case.*" Emphasis added.

Later, the appellants offered to introduce the testimony of the appellee, Vasseur, taken on the former trial. We quote again from the record as to what transpired at that time in the presence of the jury:

"By The Court: Well, how do you know Vasseur isn't going to testify this time?

"By Mr. Goheen: It doesn't matter whether he testifies or not. He's an adverse witness and I have a right to put his testimony in that was taken at the first trial just as I would his deposition as if on cross-examination.

"By The Court: Well, now wait a minute. What are you doing here? Cross-examination? Are you making this your—

"By Mr. Goheen: I'm putting on my case.

"By The Court: This is your case? This is your evidence.

"By Mr. Goheen: Yes, sir, I am putting on the evidence of an adverse party.

"By The Court: *All right. Go ahead and dig up anything you can think of and put on here. I've tried this case two or three times.*" Emphasis added.

Later, the appellants offered to introduce the deposition of the appellee, Vinson, taken as on cross-examination. We again quote from the record as to what happened at that time in the presence of the jury:

"By Mr. Terrell: If the court please, we object. Mr. Vinson is in court.

"By Mr. Goheen: I never heard of anybody objecting to the reading of a deposition taken of an adverse party.

"By Mr. Terrell: If the court please, Mr. Vinson is in court.

"By The Court: *Yes, I think you are right, but it looks like Mr. Goheen knows all the law in this case. Go ahead and read it.*

"By Mr. Goheen: Sir, if you don't want me to read it, just rule that way and—

"By The Court: *I'm just going to let you try this case. Now, that's what you have been doing all the time.*

"By Mr. Goheen: Sir, I have a duty to perform to this widow here and—

"By The Court: *Yeah, and sometimes a lawyer goes beyond his duty. I have been a lawyer and there's plenty of cases I never did take, too.*" Emphasis added.

Appellants complain that these manifestations of animosity toward their attorney by the judge prejudiced their cases before the jury.

We do not condone any of the judge's display of annoyance and displeasure before

**542**

the jury but it is the last of the quoted statements that gives us concern. We have no doubt that the trial judge's remarks could fairly be construed as an unfavorable comment on the merits of the case before him. In Collins v. Sparks, Ky., 310 S.W.2d 45, we said: "The trial judge should remember that undue importance and great weight may be attached by the members of the jury to any remark made by him in their presence. This is due to the confidence in and esteem for a judge and respect for his position."

It is our conclusion that these remarks constituted prejudicial error. The judgments are therefore reversed.