■ VICTOR S. LEVY, Appellant, v. HOWARD REILLY, Respondent.— Judgment in favor of defendant dismissing the complaint after a nonjury trial, unanimously reversed, on the law and the facts and in the exercise of discretion, and a new trial ordered, with costs to appellant to abide the event. The action was one to recover damages for injury to person and property resulting from an intersection collision between two cars owned and operated by plaintiff and defendant, respectively. Substantially the issue on the trial resolved itself into one of credibility of the parties in their versions of the accident. Ordinarily, the decision of the trial court on the matter of the credibility of witnesses will be given the greatest weight. (*Amend* v. *Hurley,* 293 N. Y. 587, 594; *Smith* v. *Smith,* 273 N. Y. 380, 383; *Boyd* v. *Boyd,* 252 N. Y. 422, 429.) However, in this case the record reveals such interference and interruptions in the examination of witnesses by the trial court, and the injection of intemperate remarks — perhaps provoked by the parties — that plaintiff was, in our opinion, deprived of a fair trial and an unprejudiced consideration of the case. Although the testimony of plaintiff regarding his injuries properly induced the trial court's disbelief, and evidently prompted a rejection of his entire testimony, there was equally incredible evidence by the defendant regarding the manner of the happening of the accident — if the nature of the damage to plaintiff's vehicle is considered. But palpable falsity as to plaintiff's claim of injuries did not necessarily demand the discard of credible evidence as to how the collision occurred. While under subdivision 2 of section 584 of the Civil Practice Act this court, on an appeal from a judgment rendered in an action tried by the court without a jury, should, so far as practicable, grant the motion for judgment which the court below ought to have granted. (*Bruno* v. *Kosnac,* 13 A D 2d 650.) The state of the record herein does not lend itself to this procedure. (*Pordy* v. *Scot Serv. Co.,* 15 A D 2d 911.) A new trial is required in the interests of justice so that the issues may properly be explored without the injection of the extraneous circumstances hereinabove referred to. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.