**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

v.

Anna Laura EUBANK et al., Appellees.

Court of Appeals of Kentucky.

June 14, 1963.

**16**

———◇———

John B. Breckinridge, Atty. Gen., Frankfort, H. D. Reed, Jr., Asst. Atty. Gen., Leslie D. Aberson, Lawrence L. Pedley, Legal Section, Department of Highways, Frankfort, for appellant.

Lewis A. White, Mt. Sterling, for appellees.

MONTGOMERY, Judge.

The Department of Highways appeals from the condemnation judgment in favor of Anna Laura and Asa Eubank wherein damages were awarded for two parcels of land, one owned by Anna Laura and the other owned jointly with Asa, her husband. No question is raised concerning a third parcel owned by Asa. The right of way condemned was for the construction of Highway I–64.

Appellant contends that: (1) The trial judge made prejudicial remarks during the trial; (2) Anna Laura Eubank was erroneously permitted to testify concerning the income derived from her farming operation; (3) appellees were erroneously permitted to introduce testimony relating to interference and inconvenience in the use of their lands and certain restoration costs; (4) testimony relating to amounts paid for other rights of way was erroneously admitted; and (5) pictures of comparable land were erroneously rejected.

Henry L. Jones testified as an expert appraisal witness for appellees. He was subjected to a rigorous cross-examination in which it was revealed that Jones had attended two night classes in appraisal problems conducted by Ben F. Storey, Jr.

Storey was employed by appellant as Assistant Director of the Division of Right of Way. Among other qualifications, he testified that he had "taught appraisal" at the University of Kentucky for five years. He was referred to as "Professor."

After Storey had testified for appellant and Jones had testified for appellees, the following transpired as Jones was leaving the witness stand:

"BY THE COURT: Mr. Jones, instead of you being the student I think you ought to be the professor.

"BY MR. JONES: Thank you, sir, I appreciate that deeply."

■ Appellant contends that the court's remark was prejudicial as impeaching the testimony of Storey and was an improper evaluation made by the court of the testimony given by Storey and Jones. Counsel for appellees describes the remark as a "barb" and "facetious." Unseemly jesting concerning the testimony of a witness is an improper discrediting of such testimony by a trial judge. As applied to the present case, the comment of the trial judge indicated to the jury that he regarded Jones' testimony more highly than Storey's and regarded Storey's lightly. This is an improper invasion of the jury function of evaluating the evidence. Lee v. Stamper, Ky., 300 S.W.2d 251.

The Court has condemned as prejudicial improper comments of a trial judge made in the presence of a jury. Louisville & N. R. Co. v. Utz, 297 Ky. 70, 178 S.W.2d 958; Martin v. Tipton, Ky., 261 S.W.2d 809; Collins v. Sparks, Ky., 310 S.W.2d 45; Rose v. Vasseur, Ky., 358 S.W.2d 540. Similar conduct has been condemned elsewhere. Levy v. Reilly, 18 A.D.2d 632, 234 N.Y.S.2d 1021 (App.Div.1962); Agee v. Lofton, 287 F.2d 709 (8 C.C.A.1961); and authorities cited in Collins v. Sparks, supra. Application of the principles of these cases requires that the comment of the trial judge be condemned as prejudicial and reversible error.

Over the objection of appellant, appellees were permitted to introduce testimony to the effect that during the past five years the average annual income from the 58-acre farm owned by Anna Laura Eubank had been $2,400 from tobacco, $2,000 from milk, and $750 from calves, for a gross annual income of $5,150. Appellees seek to justify such testimony on the basis of Kentucky Water Service Co. v. Bird, Ky., 239 S.W.2d 66. Therein the landowner was permitted to testify that the gross receipts from his farm averaged $700 per acre over the five-year period before the taking. The Court there ambiguously said " * * * we know of no better way to ascertain the fair market value of land than to learn its gross production—but not the profits made on it." It was further pointed out that the production could be measured in bushels and pounds and "may as well be measured in dollars as in crops grown, since they are reduced to dollars."

The productivity of agricultural land might well be shown by testimony concerning the amount of a crop measured in pounds or bushels when produced with appropriate fertilization, standard cultivation practices, and under normal or seasonable weather conditions. Such would eliminate many variable factors which influence farm income such as costs of production, market conditions, crop controls, and availability of agricultural lands, as well as skill of the individual.

The Bird case has been approved in so far as holding that the productivity of agricultural land in the way of crops is a proper item to consider. City of Newport Municipal Housing Comm. v. Turner Advertising, Inc., Ky., 334 S.W.2d 767. In that case the Court further held that "the injury to business or loss of profits is not a proper element of compensation for land taken." In Commonwealth, Dept. of Highways v. Heath, Ky., 354 S.W.2d 752, introduction of evidence as to diminution in net farm profit by reason of the taking was held to be error, although not prejudicial,

because the verdict was sustained on the whole record. However, where the income sought to be shown is derived mainly from the skill of the operator of a business rather than from the productivity of the property, any testimony pertaining to that income should be excluded. Commonwealth, Dept. of Highways v. Smith, Ky., 358 S.W.2d 487.

Anyone who has ever farmed or has engaged in agricultural pursuits knows that the productivity of the farming operation may be directly proportionate to the skill of the one doing the farming. The finest tobacco land and the best cows will not produce a profit unless the farmer is skilled in the raising and harvesting of tobacco and in the taking care of cows. Income, whether from a farm or business, which is dependent on the skill of the farmer or businessman is a highly speculative criterion of damages, making the loss incapable of reasonable ascertainment. This was pointed out in Henderson v. City of Lexington, 132 Ky. 390, 111 S.W. 318, 22 L.R.A.,N.S., 20, wherein it was held that the property holder is entitled only to compensation for loss sustained to his property, and this loss is the difference in the market value of his property and does not include loss occasioned by injury to his business. See also Commonwealth, Dept. of Highways v. Sherrod, Ky., 367 S.W.2d 844. See further DeFrietas v. Town of Suisun, 170 Cal. 263, 149 P. 553, holding that the growing of crops is too speculative to furnish a proper basis for damages in a condemnation case. It, therefore, is concluded that it was error to admit testimony concerning the income from tobacco, calves, and milk, and such part of the Bird opinion as may be considered inconsistent is overruled.

Appellees were permitted to ask their witnesses to take into consideration the interference with the use and enjoyment of their property by reason of "the construction operation * * * in front of the home and also alongside of the

tract" and the rock and dust blown into the yard. Appellees relied on Producers' Wood Preserving Co. v. Commissioners of Sewerage of Louisville, 227 Ky. 159, 12 S.W.2d 292, wherein the Court, quoting from an earlier case, said:

"In condemnation proceedings landowners should be allowed to show all facts existing before the taking which a seller would adduce in attempting to make a sale and all facts resulting from the taking to which a purchaser would call attention in an effort to beat down the price."

■ This question as to inconvenience seems to have been settled adversely to appellees' contention. See Commonwealth, Dept. of Highways v. Sherrod, Ky., 367 S.W.2d 844. The factors suggested are not incident to the taking as required by Producers' Wood Preserving, but are incidental to the construction after the taking for which liability would arise only from negligence or a failure to follow contractual specifications. Hunt-Forbes Construction Co. v. Robinson, 227 Ky. 138, 12 S.W. 2d 303; Combs v. Codell Construction Co., 244 Ky. 772, 52 S.W.2d 719; Edge v. Hook, Ky., 303 S.W.2d 310. Testimony as to restoration costs was also inadmissible. Commonwealth, Dept. of Highways v. Rankin, Ky., 346 S.W.2d 714.

Appellant objected to cross-examination of its witness concerning comparable appraisals made of adjacent land. The objection was based on the theory that testimony relating to the amounts paid by the condemnor for other rights of way was inadmissible. See Stewart v. Commonwealth, Ky., 337 S.W.2d 880, for discussion of the ground for denying the admission of testimony of such comparable sales.

■ In the present case the witness had testified to the appraisals placed on the Eubank lands. On cross-examination he was asked concerning the appraisals made by him just a week before on the trial of Commonwealth, Dept. of Highways v. Farris, Ky., 351 S.W.2d 526, and why he had placed a higher evaluation on the Farris land. The Farris and Eubank farms were on opposite sides of the road. Such cross-examination was proper in order to test the witness' knowledge of the land and to determine his qualifications as an expert witness. The rule of the Stewart case as to comparable sales is not applicable to cross-examination concerning comparable appraisals.

There was no error by reason of failure to allow appellant to introduce pictures of comparable lands in the vicinity because the record does not reveal that appellant offered to introduce the pictures and the court was not asked to rule on the question.

Judgment is reversed with direction to grant a new trial in conformity herewith.