COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Carl BACK et al., Appellees.

Court of Appeals of Kentucky.

June 11, 1965.

John B. Breckinridge, Atty. Gen., Frank-
fort, William A. Lamkin, Asst. Atty. Gen.,
Reed D. Anderson, Jackson, for appellant.

J. Douglas Graham, Campton, Charles
Landrum, Jr., Lexington, O. J. Cockrell,
Jackson, for appellees.

DAVIS, Commissioner.

This action originated as a property dam-
age suit and has now assumed the charac-
teristics of a "reverse condemnation." The
litigation began when Carl and Ethel Back,
husband and wife, sued C. D. Juett Con-
struction Company, asserting that Juett had
caused substantial damage to their resi-
dence by reason of excessive blasting in-
cident to the relocation of a public high-
way. After the suit had progressed awhile

the defendant (to whom we shall refer as Juett) brought the Commonwealth of Kentucky, Department of Highways, into the action as a third party defendant. CR 14.01. The tenor of the third-party complaint was that Juett had prudently carried out its contract with the Department of Highways, had not used excessive explosives, and that the true cause of whatever damage, if any, the Backs had sustained was the improper design of the relocation of the highway. The prayer of the third-party complaint was for complete indemnity, or alternatively for contribution. At this point the Backs did not assert any claim against the Department of Highways (to which we shall hereinafter refer as the Department). Issue was joined when the Department answered the third-party complaint, and the controversy proceeded to trial.

The jury returned a verdict awarding Mrs. Back (her husband had died pending the action) $4,750 against Juett and $3,750 against the Department. Shortly thereafter Juett paid $4,750 into the hands of the circuit clerk and an order of satisfaction was entered as to the judgment for Mrs. Back against Juett. CR 79.02. Following the verdict and judgment on November 30, 1962, Mrs. Back obtained permission to and did file an amended complaint on April 1, 1963, wherein she reiterated the allegations of the original complaint and alleged further that the damage to her property was caused by the Department's removing the lateral support thereof during the highway construction. The amended complaint assigned the removal of the lateral support as a cause of damage "in addition to the negligence of—Juett—." The amended complaint was filed in purported compliance with CR 15.02.

The Department bases its attack of the judgment on these grounds: (1) Improper remarks of the trial judge; (2) failure to strike "expert" testimony from a "non-expert" witness; (3) erroneous instructions; (4) the trial court had no jurisdiction of the Department.

We need not recount the evidence in detail. It suffices to note that Mrs. Back adduced evidence of damage to her residence, an adjacent well, and other improvements on her land. All of the testimony in her behalf was addressed to the claim that the damage had been caused by the negligent excessive use of explosives by Juett. When Mrs. Back's evidence was all in Juett proceeded with proof. The main Juett witness was Neal Hammon, a licensed architect and an active partner in a firm of "vibration and damage specialists." Mr. Hammon had had experience in this field since 1951. He positively testified that the blasting could not have caused the damages to Mrs. Back's property. In over-simplified terms, it is fair to say that Mr. Hammon expressed the definite opinion that the damage was caused by reason of removal of the lateral support to the Back property. It was the witness's opinion that when the toe of the slope was removed in relocation of the highway the lateral support became inadequate, and the consequent "creep" or slide was precipitated.

Counsel for Mrs. Back developed on cross-examination that Mr. Hammon holds no college degree in geology. However, the witness asserted that he had had numerous college courses in the subject, and that his studies plus his experience qualified him in the subject matter of his evidence. Counsel for Mrs. Back and for the Department moved to exclude his evidence relating to the "creep" or slide on the basis that he had not been shown to be properly qualified as an expert; the motions were overruled. It was at the very close of cross-examination of Mr. Hammon that the following occurred, which gives rise to the first point argued for reversal:

"Q. 19 (propounded by counsel for Mrs. Back) You don't know whether you have a major or minor or whether you have either, in the field of vibration, in your college degree. Is that right?

"Mr. Landrum: (Counsel for Juett) Object. He has already said he did.

"COURT: He may step aside. I think the witness has handled himself capably."

■ Appellant insists that the remark of the judge was so prejudicial as to require reversal of the case. We do not think so. We agree that the remark was unfortunate and improper, but since it does not purport to relate to the subject matter of the evidence, but merely to the manner in which the witness had "handled himself," we cannot conclude that the remark was prejudicially erroneous. We think this instance is readily distinguishable on its facts from the authorities relied on by appellant. See Collins v. Sparks, Ky., 310 S.W.2d 45; City of Prestonsburg v. Mellon, 220 Ky. 808, 295 S.W. 1064; Rose v. Vasseur, Ky., 358 S.W.2d 540; Com., Dept. of Highways v. Eubank, Ky., 369 S.W.2d 15.

■ Neither do we feel that the evidence of Mr. Hammon should have been stricken. Based upon his education and experience the witness qualified as one able to offer expert testimony on the subject at hand. He had viewed the premises and made measurements. He was well versed in vibrations caused by explosives and was quite positive that the damages he saw in Mrs. Back's property could not have resulted from blasting. He supported his own opinion by text authority on the subject. He was qualified to express the opinions he offered.

■ The Department's attack upon the instructions is without merit. In the record it is observed that the Department did object to permitting the jury to award separate amounts against Juett and the Department. However, this objection was asserted, to use the language of it, because "the proper instruction to be given to the jury is to find for the plaintiff only against the * * * [Department], wholly or to find for the plaintiff wholly against * * * [Juett] if the jury believe the damage was caused by extensive use of dynamite." The evidence for Mrs. Back undertook to posit the damage on the blasting; for Juett the evidence would exculpate the blaster and charge the damage to a slide occasioned by the Department's requirement that the toe be removed; the Department undertook to show that the removal of the toe did not cause the trouble. Under these conditions there was ample evidence to support the proposition that each of the activities—blasting and toe removal—played its joint part in the damage. In such circumstances it was proper for the jury to be instructed that it could make separate awards. Elpers v. Kimbel, Ky., 366 S.W.2d 157, 161.

■ The final basis for reversal advanced by appellant stems from the fact that no affirmative relief was sought against the Department by Mrs. Back until after the trial and judgment. It is reasoned that since no liability against the Department may arise except under the "reverse condemnation" theory, the claim for contribution or indemnity by Juett against the Department was illegal, thus the Department had "no business" in the trial in the first place. CR 15.02 provides in part: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Examination of the record reflects that this case was tried as if the issue had been raised by Mrs. Back to impose liability on the appellant Department. In his opening statement to the jury counsel for the Department informed the jury that the Department's evidence would show that the damage to Mrs. Back's property was the result of Juett's blasting, not the result of removal of lateral support. As just noted, when the Department made objection to the instruction, the basis of it was that the Department should be required to pay it all or none. In these circumstances, it is our

view that CR 15.02 is applicable, and the Department may not now complain that the complaint of Mrs. Back was not amended as to it until after the trial.

The judgment is affirmed.