**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,**

**v.**

**Joseph LOVELL et al., Appellees.**

Court of Appeals of Kentucky.

July 1, 1966.

Thomas S. Waller, Richard C. Roberts, Waller, Threlkeld & Whitlow, Paducah, for appellant.

Frank D. Berry, Madisonville, James Gordon, Gordon, Gordon & Logan, Madisonville, for appellees.

CULLEN, Commissioner.

The Commonwealth of Kentucky, Department of Highways, appeals from a

judgment awarding the appellees approximately $18,000 as damages in the condemnation of a strip of land of about eight acres, through the appellees' farm. The taking, for a nonaccess highway, severed the farm into two tracts. One, of 18 acres, contains all of the improvements, none of which was damaged. The other tract, of 74 acres, which was landlocked by the taking, had been used mainly for pasturage, with a few acres being under cultivation and a few in the soil bank program.

We agree with the Commonwealth's contention that the award of damages is excessive. Even accepting the testimony for the appellees that the landlocked 74 acres were practically worthless after the taking (which is hard to accept because the evidence shows that the appellees have continued to use this tract for pasturage, cultivation and soil bank credit), we cannot give credence to the proposition, inherent in the damage estimates of the appellees' witnesses, that prior to the taking the 74-acre tract, plus the eight acres being taken by the condemnation, constituted four-fifths of the value of the entire farm. The entire farm was purchased for $5,000 only six years before the condemnation. It is true that improvements were made, but a substantial part of the improvements were to the 18-acre parcel containing the buildings. It is unbelievable that the part of the improving done to the bare land in the rest of the farm increased its value from a small proportionate part of $5,000 to almost $18,000.

We think that the jury accorded more weight and value to the testimony for the appellees than its maximum probative value warranted, and that the award is palpably excessive. Cf. Commonwealth, Dept. of Highways v. Arnett, Ky., 390 S.W.2d 187.

Actually, the only witness who estimated the difference in market value as high as $18,000 was the appellee Joseph Lovell, the owner of the land. His testimony should have been stricken because it was made reasonably clear on cross-examination that his purported estimates of market value were in reality only his idea of who much *he had been damaged* and how much money he would like to have. See Commonwealth, Dept. of Highways v. McGeorge, Ky., 369 S.W.2d 126.

The two expert witnesses for the appellees estimated the difference in value at $16,500 and $16,000. However, the difference between the *before* value of one and the *after* value of the other would amount to $21,000. In some circumstances the jury might properly take the *before* value of one witness and the *after* value of another. See Chitwood v. Commonwealth, Dept. of Highways, Ky., 391 S.W.2d 381. But in the instant case the witnesses were crowding the excessive line to begin with, and any damage figure higher than their individual estimates of difference in value, reached by a combination of their estimates of *before* and *after* values, would clearly be over the line.

The judgment is reversed with directions for further proceedings in conformity with this opinion.

STEWART, J., dissenting.