**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**Jerdon T. BATTS et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 1, 1968.

Robert F. Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Frankfort, George B. Baker, Jr., Rhoads & Baker, Henderson, for appellant.

William L. Sullivan, Dorsey & Sullivan, Henderson, for appellees.

DAVIS, Commissioner.

In this condemnation proceeding a jury found the before value of appellees' property as $37,500, its after value as $22,000, resulting in a verdict of $15,500. The Department of Highways appeals from the judgment entered on that verdict, asserting that the verdict is so palpably excessive as to appear to have been given under the influence of passion and prejudice and in disregard of the evidence and instructions.

Appellees owned a rectangularly shaped, eighty-five acre farm near Kentucky Highway 370. The taking is for construction of the nonaccess highway known as the Pennyrile Parkway. For the right-of-way 13.8 acres of land were taken, and 10.4 acres will be landlocked by reason of the taking. The right-of-way proceeds in a diagonal course so that the remaining 60.8-acre tract is irregularly bounded, whereas the original tract lay in a nearly perfect rectangle. No improvement was taken.

The Department presented one appraisal witness who fixed the before value of the property at $37,500 and assigned an after value of $29,900, resulting in a difference of $7,600. For the landowners two appraisal witnesses appeared, one of whom placed the before value at $38,250 with an after value of $20,000, reflecting a difference of $18,250. Appellees' other witness placed the before value at $34,850, the after value at $16,500, reaching a difference of $18,350. As observed, the jury's verdict fixed the before value at $37,500, the exact amount shown by the witness for the Department. It is obvious, therefore, that the issue relates to whether the after value as found by the jury is so disproportionately low as to indicate that the verdict was rendered as the result of passion or prejudice or in disregard of the evidence and instructions.

Each of the appraisal witnesses referred to a sale from Massilon Henry to Stull as a comparable sale utilized by them in making their appraisements. The Henry farm consisted of about sixty acres with improvements generally comparable to those on the appellees' farm. The Department points out that the Henry farm sold for an average of approximately $415 per acre and that there is no justifiable reason why the remaining sixty-odd acres of appellees' farm would not produce as much. On this basis the remaining sixty acres would be valued at $24,900 rather than $29,900 as presented in evidence by the Department.

Appellees point out that the Henry farm brought $25,000 vis-a-vis an after value of $22,000 reflected in the jury's verdict; so they say it is necessary only to account for the variance of $3,000. They proceed to "account" for that variance by pointing out that the land remaining to the appellees is irregularly shaped so that it will not be as readily cultivated as before and that it is now over-improved in that the remaining acreage will not produce sufficiently to warrant the extent of improvements on the tract. Each of these factors depresses the

market value of the remaining tract, say appellees.

Our examination of the entire record leaves us unpersuaded that the verdict is so excessive as to appear at first blush to have been rendered as the result of passion or prejudice. It appears to be a somewhat liberal award, but the comparable sale from Henry to Stull is not of such over-riding significance as to impel the conclusion that the verdict is excessive. Indeed, the impelling factors respecting the value of the remaining land of appellees seem to us to amply support the jury's verdict.

The judgment is affirmed.

All concur.