**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**Earl T. AUSTIN and Kathleen Austin, his Wife, Appellees.**

Court of Appeals of Kentucky.

Dec. 6, 1968.

John B. Breckinridge, Atty. Gen., Don Duff, Acting Gen. Counsel, Dept. of Highways, Frankfort, M. T. Quinton, Jr., Madisonville, for appellant.

William L. Sullivan, Dorsey & Sullivan, Henderson, for appellees.

EDWARD P. HILL, Judge.

The verdict was for $29,000 for 9.783 acres condemned for use in the construction of the Pennyrile Parkway a limited-access highway. Also condemned was 0.045 of an acre for a drainage channel. Appellees' farm contained 81.5 acres before the taking.

Appellant contends the verdict is "palpably excessive, unsupported by evidence of sufficient probative value, and so unreasonable as to show that the jury rendered its verdict under the influence of passion and prejudice."

The land condemned is 350 feet wide, on which were located appellees' residence, garage, and other outbuildings and improvements. The taking severs the farm, leaving 6.354 acres to the west and 65.318 acres east of the new highway. The only improvements left on the farm is an old barn in a poor state of repair.

Based on the average per-acre value of the entire farm, the tract condemned (less than 100 acres) obviously would not have a market value of more than $4750 according to appellees' highest evaluation evidence, nor more than $3300 to take appellant's evidence on before value. So we must look to the value of the improvements and into appellees' argument that the only practical house site was taken to resolve the question presented by appellant.

Improvements taken include a four-bedroom residence with a finished basement and two baths, which had been recently completely rebuilt and remodeled; two separate water systems, electrically operated; a 28' x 33' concrete, four-car garage, practically new; a 28' x 29' stock barn with running water, in good condition; a chicken house equipped with running water with a woven-wire runway; a small storage building used for feed and tools; a chain-link fence enclosing the backyard and garden; retaining walls and walkways, shrubbery and landscaping, and a portion of a gravel, all-weather road leading to Highway 147.

To reach the only other suitable house site on the farm, a 1600-foot road will have to be built from the present road.

■ Appellant undertakes to annihilate appellees' evidence by the argument that comparable sales relied on and discussed by appellees' witnesses were in fact dissimilar to the subject farm. It is not difficult to detect from the evidence that there was little similarity between appellees' comparable sales and the value of appellees' farm. However, the matter of evaluating the probative effect of the evidence of comparable sales is properly left to the jury. In our view, the evidence of comparable sales was not so controlling as to compel the jury to render a verdict different than it found. See Commonwealth, Department of Highways v. Batts, Ky., 433 S.W.2d 659 (decided November 1, 1968).

Appellant's only witness also relied on one of the comparable sales (Henry to Stull Brothers) used by appellees' witnesses.

It was stipulated by the parties that the valuation witnesses were "qualified real estate appraisers with a knowledge of the fair market value of real estate in Webster County, Kentucky, and in the vicinity of the property being taken in this action."

■ Appellees' two witnesses testified the farm had a fair market value of $38,500 and $37,000 before the taking and $6500 and $5500 after, for differences of $32,000 and $31,500. There being no values shown of the improvements, we must look to the opinion evidence on values shown above.

The amount of the verdict and judgment, we think, was adequate and possibly liberal to the appellees yet within the range of the evidence. We are not willing to say at first blush the amount is excessive.

The judgment is affirmed.

All concur.