**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

**v.**

*Thomas E. BAKER, Sr., et al., Appellees.*

Court of Appeals of Kentucky.

May 23, 1969.

Hugh J. Convery, Madisonville, M. T. Quinton, Jr., Don Duff, Frankfort, John B. Breckinridge, Atty. Gen., Frankfort, for appellant.

Carroll Morrow, Richard L. Frymire, Moore, Morrow & Frymire, Madisonville, for appellees.

STEINFELD, Judge.

This is a condemnation suit. The Commonwealth has appealed, complaining of the amount of the award. We affirm.

Appellees Baker owned and operated a 428-acre cattle and hog farm which witnesses described as "mechanical". It fronted on Kentucky Highway 260 in Hopkins County near the east city limits of the town of Hanson and less than one mile east of the intersection of U. S. Highway 41. It contained many improvements including residence, concrete block and frame house, pump house, meat house, chicken house, hog house, stock shelter building, crib building, storage building, silo, sheds, barns, fencing and ponds. About 53 acres had been in grain and enough hay was raised to feed the animals.

For the construction of the Pennyrile Parkway, a controlled-access toll road, the Department of Highways condemned 31.56 acres west of the center of the farm leaving 82.83 acres on the west side of the Parkway and 313.61 acres east of it. On the land taken were a storage building or shop, a shed, a stock barn, a hog shelter, a machine shed, a tobacco barn, a crib building, a pond and a complete water system furnishing

water to 20 lots and a pit silo. Even though the large barn was not taken the new right-of-way was so close to one end that the use was impaired.

The evidence revealed that the taking substantially interfered with the watering system, fencing arrangement and that the mechanical feeding operation had been materially diminished in efficiency. To reach the stock barn the landowners then had to go onto Kentucky 260 under the Pennyrile Parkway overpass to a service road leading to the property on the separated east portion of the farm, a distance of almost one-quarter mile. Improvements were the creation of a permanent type entrance to replace the former gravel entrance and a service road creating new frontage for the east portion of the farm.

In county court the commissioners awarded $29,641.60. On appeal the jury found the before-taking value to be $171,-200.00, the after-taking value $118,000.00, a difference of $53,200.00. Judgment was entered pursuant to that verdict from which judgment the Commonwealth appeals. It assigns two points in seeking reversal—that the verdict is excessive and that the jury was allowed to consider noncompensable factors. We will discuss these two contentions in reverse order.

The Commonwealth complains that Mr. J. R. Davie, a farm management specialist, was permitted, over its objection, to testify concerning "loss of income". The gist of the testimony was that the taking substantially reduced the capacity of the property to produce beef cattle and hogs. Mr. Davie was asked:

"Q. 75. So everything that you have testified here today on what this taking has accomplished or what it has done is based on loss of income, is it not?

A. The testimony in regard to what it did to the present operation is based on loss of income.

\*    \*    \*    \*    \*    \*

Q. 189. So what you have testified to is strictly economics, isn't it, the theory of economics?

A. Primarily."

■ The Commonwealth moved to strike Davie's testimony but the motion was overruled. Claiming this as error it relies upon Com., Dept. of Highways v. Eubank, Ky., 369 S.W.2d 15 (1963), in which we held that income, whether from a farm or business which is dependent upon the skill of the farmer or businessman, is not admissible evidence. We said " \* \* \* any testimony pertaining to that income should be excluded." However, we cited with approval cases " \* \* \* holding that the productivity of agricultural land in the way of crops is a proper item to consider." We view Davie's testimony as being in that latter classification. He did not mention *dollar figures*. Testimony concerning the utility of the farm before and after the taking was admissible. Com., Dept. of Highways v. Sellers, Ky., 421 S.W.2d 581 (1967); Com., Dept. of Highways v. Thompson, Ky., 424 S.W.2d 382 (1968) and Com., Dept. of Highways v. Lake, Ky., 432 S.W.2d 23 (1967).

Appellant asserts that Otto Corum used a noncompensable factor as the basis for his valuation of the property, that his testimony indicated "what he thought the value of the land was to him, as a person" and that this violated the rules we announced in Com., Dept. of Highways v. Harvey, Ky., 396 S.W.2d 311 (1965) and Com., Dept. of Highways v. Lovell, Ky., 405 S.W.2d 21 (1966). In Lovell the owner testified how "much he had been damaged" and in Harvey the condemnee stated the value of the land to him. Corum was asked the following questions and made the following answers:

"83. Now disregarding the fact that you may feel personally that the property is worth $400.00 per acre, or you might feel it is worth more than that or less than that, what is your opinion concerning whether or not on the open market, with

people buying and selling, as to the fair market value of this property as of May 1, 1967? Do I make myself clear? I want to know what other people who are buying and selling—what the market is. We are looking for the market.

A. Well, in other words, I think that farms of that type have sold around that price, yes, sir. I would say that would be fair market value.

84. And this is the price that buyers and sellers on an open market would arrive at?

A. Yes, sir.

85. And your opinion is based upon that?

A. Yes, sir."

■ At the conclusion of Corum's testimony the Commonwealth moved to strike it but the motion was overruled. The vice of Harvey and Lovell did not occur, furthermore, it appears to us that the jury must have understood that Corum was discussing the value established by an arms-length transaction in the open market.

To consider the claim that the award was excessive, we summarize the testimony as to values:

"FOR APPELLANT

| Witness | Before | After | Difference |
|---|---|---|---|
| William C. Cox | $141,109.60 | $111,468. | $29,641.60 |
| Robert Hawkins | 141,109.60 | 111,468. | 29,641.60 |

FOR APPELLEES

| | | | |
|---|---|---|---|
| E. W. Richmond | $171,000. | $118,000. | $53,000. |
| Otto Corum | 171,200. | 95,400. | 75,800. |
| Rayburn Whitledge | 171,200. | 118,683. | 52,517." |

■ Appellant concedes that with the exception of the testimony of Corum "* * * the after value appraisals given by the various witnesses is not too far apart for a large tract of land. There is a difference of between $6,500.00 and $7,000.00 in the after value established by Richmond and Whitledge for the appellees and Cox and Hawkins for the appellant." It notes the $30,000.00 difference in the before value stated by the owners' and the Commonwealth's witnesses, but levels its main attack on Corum's testimony. He owned several farms and occasionally dealt in real estate. He recently had purchased the Boggess farm which was near the Baker property. In discussing the evidence furnished by Corum the Commonwealth says that "* * * he gave little supporting credence to any of his valuation testimony other than the fact that he * * * bought a * * * nearby farm for $400.00 per acre. He used no other comparables and in arriving at his after value, he gave the 82 acres separated on the west side of the new road the same $400.00 per acre value as in the before value but cut the value per acre on the 313-acre tract remaining on the east side of the road to $200.00 per acre." The before value established by Mr. Corum was identically the same as that of Whitledge and a total of only $200.00 more than that stated by Richmond. Corum was of the opinion that the separation of the farm materially affected it as to the livestock operation and said that "it isn't a farm you can grain every year." The Commonwealth relies upon Com., Dept. of Highways v. Lyons, Ky., 364 S.W.2d 336 (1963); Com., Dept. of Highways v. Williams, Ky., 383 S.W.2d 687 (1964); Com., Dept. of Highways v. George, Ky., 387 S.W.2d 580

(1965) and Com., Dept. of Highways v. Tyree, Ky., 365 S.W.2d 472 (1963), and argues that the testimony of Corum did not support the verdict. We do not agree but even if we did it is quite apparent that the testimony of Richmond and Whitledge who were experienced real estate brokers and who used comparable sales (although they were not required to do so, Com., Dept. of Highways v. Sellers, Ky., 421 S.W.2d 581 (1967)) supplied evidence adequate to sustain the before and after taking values expressed in the verdict. Comparables used were:

| "Transaction | Date | Acreage | | |
|---|---|---|---|---|
| 1. Cobb to Quinn | 3/2/66 | 199.7 | Acres | $320.00 |
| 2. Casner to Brown | 4/12/66 | 124 | Acres | 419.00 |
| 3. Fitzgerald to State Construction Co. | 2/3/67 | 2,000 | Acres | 400.00 |
| 4. Boggess to Corum | 11/30/66 | 462½ | Acres | 400.00" |

◼ Another complaint of the Commonwealth is that the jury disregarded the fact that the landowner "* * * assessed his property under the 100% assessment rule, at $84,300.00 on March 10, 1966" and the taking was on May 1, 1967. In Com., Dept. of Highways v. Brumfield, Ky., 418 S.W.2d 231 (1966), we held that "if the assessment valuation of land is fixed by the owner himself, the list may be introduced in a condemnation case upon the theory that it is an admission against interest." We have never held that such listing was a judicial admission, only that it was a factor, which among others the jury could consider.

◼ The Commonwealth points out that only 7.4% of the Baker farm was taken and that this could not have a value of $53,200.00, otherwise the before value must have been $721,608.00. To continue the projection it says " * * * the verdict indicates that the property was worth in excess of $1,686.00 per acre" which is four times the $400.00 per acre value placed on the farm by the appellees' witnesses. It notes that comparison of the percentage of the property taken with the total value has been considered by this court as a test for determining excessiveness of verdicts in Com., Dept. of Highways v. King, Ky., 400 S.W.2d 517 (1966); Com., Dept. of Highways v. Frazier, Ky., 404 S.W.2d 459 (1966); Com., Dept. of Highways v. Collins, Ky., 409 S.W.2d 506 (1966); Com., Dept. of Highways v. Cammack, Ky., 408 S.W.2d 615 (1966) and Com., Dept. of Highways v. Doolin, Ky., 411 S.W.2d 44 (1967). Cf. Com., Dept. of Highways v. Montgomery, Ky., 442 S.W.2d 288 (1969).

To refute the claim that the award was excessive the Bakers cite a number of cases including Com., Dept. of Highways v. Boone, Ky., 412 S.W.2d 236 (1967), in which there were taken 29.66 acres, 8% of a 385-acre dairy farm. On the land condemned in Boone were located only a part of the improvements. We affirmed a judgment of $33,166.00 which approximated 43% of the before value. At first blush the verdict does not appear to be so excessive as to indicate that it was rendered as a result of passion or prejudice, which is the guide to this court in considering this appeal. Com., Dept. of Highways v. Gossett, Ky., 433 S.W.2d 344 (1968) and Com., Dept. of Highways v. Batts, Ky., 433 S.W.2d 659 (1968).

The judgment is affirmed.

All concur.