**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Tracy VILLINES et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 17, 1969.

Robert F. Matthews, Atty. Gen., Frankfort, H. C. Smith, Asst. Atty. Gen., Department of Highways, Robert J. Rieckhoff, Department of Highways, Frankfort, George B. Baker, Jr., Rhoads & Baker, Henderson, for appellant.

Jerry W. Nall, Nall & Stephens, Owensboro, William A. Logan, Gordon, Gordon & Logan, Madisonville, for appellees.

DAVIS, Commissioner.

This is a condemnation proceeding in which the Department of Highways is acquiring right of way for the construction of a limited-access toll road known as the Pennyrile Parkway. The jury fixed a before value of $36,500, after value of $18,600, and rendered its verdict for $17,900. The Department appeals from the judgment on that verdict and presents three charges of error: (1) The award is so excessive as to appear

to have been given under the influence of passion and prejudice and in disregard of the evidence and instructions of the court; (2) the landowner was not qualified to testify as to market value, and the court erred in permitting him to do so; and (3) the court should have sustained the Department's motions to strike certain testimony for the landowners because the witnesses "price-tagged" damage factors.

Before the taking the farm of appellees contained 97.75 acres, was rectangularly shaped, and situated about 2½ miles from Slaughters. The southern boundary of the farm borders a graveled highway known as Benson Road. After the taking the Benson Road will continue to border the land and will cross the toll road by means of an overpass. Prior to the taking a public dirt road about ten feet in width ran through the farm from the Benson Road in a general north-south direction. Much of that old road's right of way is included in the taking of 17.216 acres.

The new highway will sever the farm so that after the taking a tract of 52.912 acres will remain on the west side, and a tract of 27.622 acres will lie on the east side of the Pennyrile Parkway. Included in the taking were substantially all of the improvements on the land including an old residence, a tobacco barn, and a stable or shed. One tobacco barn remained undisturbed. An open well, a pond, and some fencing are included in the taking.

The only appraisal witness offered for the Department expressed his opinion of a before value of $22,000, an after value of $14,350, for a difference of $7,650. Five witnesses testified for the landowner expressing before values ranging from $35,000 to $40,000, after values ranging from $15,000 to $23,000, with resulting differences in before and after values ranging from $15,500 to $21,500. As already observed, the jury fixed the before value at $36,500, the after value at $18,600, and found its verdict for the difference of $17,900.

The Department points out that the jury's award for the taking of 17-plus acres amounts to approximately $1,039 per acre. From this they note that if that value were projected the original 97.75 acres would have been worth $97,750. This computation overlooks the taking of the improvements and the calculation of the contribution made to the before value by the improvements. It is not appropriate to regard the award as if it had been made for bare, unimproved land. It will be observed that the before value expressed by the jury is approximately $372 per acre, considering the land and the improvements as they existed at the time of the taking. The after value as ascribed by the jury amounts to about $229 per acre for a difference of about $143 per acre in the before and after values. The reduction in the per-acre after value is explainable by the absence of improvements on it and the division of the farm into two tracts. Without further detailing the evidence, it is sufficient to note that the court is not persuaded that the amount of the award is so great as to appear at first blush to have been rendered under the influence of passion or prejudice or in disregard of the evidence and instructions of the court. The award appears quite liberal but not so excessive as to fall within the ambit of the "first-blush" rule.

Although the property owner had signed a tax assessment for 1966 representing the fair cash value of the entire property as only $12,795, the owner explained that he had not furnished those figures to the tax assessor and that he had never represented the value to be that low. While we continue to attach significance to tax assessments, we are not willing to say that the impact of an assessment is so overpowering as to compel reversal on account of verdicts exceeding the values expressed in the tax assessments. Cf. Com., Dept. of Highways v. Baker, Ky., 442 S.W.2d 290.

The Department asserts that Tracy Villines, one of the owners of the property,

did not possess sufficient qualifications to make him competent to express an opinion as to market value, relying upon Com., Dept. of Highways v. Fister, Ky., 373 S.W. 2d 720. We think the record demonstrates that Mr. Villines did possess sufficient knowledge of market values to make him competent to express value opinion. It was shown that he was a teacher of general science in Webster County High School and has taught courses in agriculture and attained a bachelor of science degree in agriculture. He professed that he was familiar with sales of other property in the neighborhood and said that he kept up with the sales of land and considered himself sufficiently informed by reason of his observation, background, training, and experience. We conclude that the court properly permitted him to express his views of market value based upon the qualifications he demonstrated.

■ The Department contends that three witnesses for the appellees placed price tags upon damage factors in violation of the rule expressed in Com., Dept. of Highways v. Mann, Ky., 387 S.W.2d 848, and in several other decisions of this court. Our examination of the testimony convinces us that these witnesses did not price-tag damage factors but merely explained on cross-examination that they had considered the contribution of the major improvements to the market value of the farm in calculating their before values. To do this, of course, is perfectly proper and obviously necessary for any semblance of an accurate appraisal. Com., Dept. of Highways v. Cardinal Hill Nursery, Ky., 380 S.W.2d 249, 253. There was no price-tagging of damage factors, which is what the rule is directed against.

The judgment is affirmed.

All concur.