**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Marshall GARRETT et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 28, 1969.

Don Duff, Gen. Counsel, Dept. of Highways, Frankfort, Robert A. Becht, Louisville, George F. Williamson, LaGrange, for appellant.

Louis T. Peniston, New Castle, for appellees.

CLAY, Commissioner.

In this condemnation case the Commonwealth contends on appeal that the verdict is palpably excessive and insufficiently supported by evidence of probative value.

Appellees own a 120-acre farm in Henry County, of which 13½ acres were taken for the construction of limited-access highway Interstate 71. In addition were taken the main residence and tenant houses, two barns and other improvements. The two tracts remaining after the taking were landlocked. The jury returned a verdict for $59,500.

 There is no dispute about the jury's finding of the after value of the property to be $12,000. The contention is that the landowners' two expert witnesses grossly exaggerated the before value as being in the neighborhood of $600 an acre. It is insisted the comparable sales considered by the landowners' experts did not justify their appraisals. These witnesses referred to sales at $280 an acre, $449 an acre and $510 an acre. They were made after the taking date, and the witnesses testified that the building of the highway and the passage of time to some extent enhanced the value of real estate in the area. It is contended by the Commonwealth that these allegedly comparable sales did not lend support to the witnesses' appraisals at the figure of about $600 an acre. (The jury verdict fixed a before value of $594 an acre.)

We cannot say the comparable sales referred to did not have some relevance to the appraisals of the landowners' experts. They formed a base, along with other considerations, upon which the witnesses could project their valuations of the property involved. No two tracts of land are the same, nor are the improvements the same. These witnesses explained, among other things, the differences in the character and value of the improvements on appellees' land as compared to those on the other lands sold. It was their opinion that appellees' land had a higher per-acre value. The relevance of comparables is simply another facet of expert opinion. See Commonwealth, Dept. of Highways v. Burke, Ky., 426 S.W.2d 449 (1968). In addition, the matter of evaluating the probative effect of comparable sales is properly left to the jury.

Commonwealth, Dept. of Highways v. Austin, Ky., 434 S.W.2d 813 (1968).

In our opinion the objections raised by the Commonwealth go to the *credibility* of the expert witnesses' appraisals. This is best attacked by cross-examination, the presentation of other evidence and argument to the jury. We cannot say as a matter of law that the evidence in question was so lacking in probative value as to impeach the verdict.

Having reached the above conclusion, we are unable to say the verdict is palpably excessive since it does not strike us at first blush as having been arrived at by reason of passion or prejudice or partiality. See Commonwealth, Dept. of Highways v. Burton, Ky., 398 S.W.2d 689 (1966).

The judgment is affirmed.

HILL, C. J., and MILLIKEN, PALMORE, REED and STEINFELD, JJ., concur.

OSBORNE and NEIKIRK, JJ., dissent.